[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 7, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14034
Non-Argument Calendar

_____

D. C. Docket No. 04-00087-CR-FTM-29-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES E. DANIELS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 7, 2006)**

Before ANDERSON, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

Charles Daniels appeals his sentences of concurrent terms of 168 months'

imprisonment for possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii), and possession with intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Because we find that the district court properly considered the sentencing guidelines and the factors set forth in 18 U.S.C § 3553(a) in arriving at a reasonable sentence, we affirm.

## I. Background

Daniels pleaded guilty to two counts of possession with intent to distribute crack cocaine and cocaine.[1] After his plea hearing, but prior to sentencing, the district court issued an arrest warrant for Daniels for violation of the terms of his pretrial release.

The probation officer prepared a presentence investigation report ("PSI"), grouping the offenses together and assigning a base offense level of 26 given the amount of crack cocaine, cocaine and marijuana involved. The PSI also reflected the probation officer's determination that Daniels was a career offender pursuant to U.S.S.G. § 4B1.1, increasing his offense level to 34. The probation officer then recommended a three-level reduction for acceptance of responsibility, resulting in an adjusted offense level of 31.

---

[1] Although police also found marijuana with the crack cocaine and cocaine at the residence where they arrested Daniels, he was not charged with possession of marijuana.

Noting Daniels's prior offenses dating back to age 16, the probation officer placed him in criminal history category VI.

At sentencing, Daniels made three objections: (1) he argued that, pursuant to United States v. Booker, 543 U.S. 220 (2005), the district court need not consider the sentencing guidelines and should instead base its sentence on the factors set forth in 18 U.S.C § 3553(a); (2) he objected to a reference in the PSI to the marijuana the police found upon his arrest, as he was not charged with marijuana possession; and (3) he objected to being sentenced as a career offender, arguing that, as a result, he would be given an unreasonable sentence, i.e., a sentence greater than necessary to achieve the purposes set forth in § 3553(a). Finally, Daniels requested leniency based on his efforts at post-offense rehabilitation, his role as a low-level street dealer, and his remorse.

In light of the above factors, the district court departed downward to a criminal history category of V. However, the court declined further downward departures, noting that Daniels had tested positive for marijuana while out on bond and had otherwise violated the terms of his release. The court concluded that, in light of the absence of exceptional remorse or extraordinary rehabilitation efforts, a sentence of 168 months' imprisonment, which was at the low end of the guidelines range, was sufficient but not greater than necessary to meet the sentencing goals of

§ 3553(a).

## II. Discussion

The government first argues that this court lacks jurisdiction to review Daniels's sentences pursuant to 18 U.S.C. § 3742(a) because the sentences were not "imposed in violation of the law" or "as a result of an incorrect application of the sentencing guidelines," and each sentence is within the applicable guidelines range. Id. As this court recently explained in United States v. Martinez, No. 05-12706, slip op. (11th Cir. Jan. 9, 2006), however, "a post-Booker appeal based on the "unreasonableness" of a sentence, whether within or outside the advisory guidelines range, is an appeal asserting that the sentence was imposed in violation of law pursuant to § 3742(a)(1)." Id. at 8-9. Accordingly, we have jurisdiction to consider the reasonableness of Daniels's sentences.

After Booker, we review a defendant's sentence for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). First, the district court must correctly calculate the applicable guidelines range. See United States v. Lee, 427 F.3d 881, 892 (11th Cir. 2005). Second, the court must consider the advisory guidelines as well as the factors set forth in § 3553(a). See United States v. Rodriguez, 398 F.3d 1291, 1300 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005). The court need not "conduct an accounting of every § 3553(a) factor . . . and

4

expound upon how each factor played a role in its sentencing decision," however. United States v. Robles, 408 F.3d 1324, 1328 (11th Cir. 2005). "[O]rdinarily we would expect a sentence within the Guidelines range to be reasonable;" Daniels bears the burden of showing that his sentence was unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Here, Daniels's sentences were reasonable. First, Daniels was sentenced at the low end of the guidelines range. Second, the court departed downward in the criminal history category because it found that a criminal history category of VI over-represented Daniels's criminal history. Third, Daniels received a three-level reduction for his acceptance of responsibility. Finally, the court considered Daniels's attempts at rehabilitation, although it concluded that Daniels's inability to abide by the terms of his supervised release demonstrated that his rehabilitation efforts were not extraordinary.

Because the district court both correctly calculated the applicable guidelines range and considered the guidelines, the § 3553(a) factors, the circumstances of the offense and Daniels's arguments, we hold that the sentences imposed by the district court were reasonable. Accordingly, we **AFFIRM.**