[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-15593
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 23, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00126-CR-RBP-RRA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WESTON L. SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(May 23, 2006)**

Before TJOFLAT, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Appellant pled guilty pursuant to a plea agreement to all four counts of an

information: Count 1, conspiracy to commit wire fraud and securities fraud; Count

2, falsely certifying financial information filed with the Securities and Exchange Commission ("SEC"); Count 3 filing false reports with the SEC; Count 4, forfeiture (relating to Counts 1 and 2).  In the plea agreement, the Government agreed to recommend at sentencing that appellant be given a base-offense-level reduction of three levels for acceptance of responsibility and that he be sentenced at the low end of the Guidelines sentence range.  In addition, the Government agreed to file a motion for downward departure from that range under U.S.S.G. § 5K1.1 if appellant agreed to provide substantial assistance in the investigation of another person who had committed an offense.

At the sentencing hearing, appellant objected to the amount of the loss indicated in the presentence report, over $5 billion, and urged the court to find the loss at $327 million.  The court sustained the objection, finding the loss at the latter figure.[1]  Prior to considering the parties motions for departure from the Guidelines sentence range, the court calculated the offense level at 43.  With a criminal history category of I, the Guidelines called for sentences of life imprisonment.  The statutorily authorized maximum sentences, however, were less than life imprisonment.  Thus, the Guidelines prescribed sentence for Count 1 became 60 months, for Count 2, 120 months, and for Count 3 120 months, all running

---

[1] The court sustained a second defense objection not relevant here.

2

consecutively for a total of 300 months. The Government moved the court for a downward departure under § 5K1.1, recommending that the court sentence appellant to a total of 60 months confinement, and the court granted its motion. Appellant then moved the court to depart downward further, and the court granted his motion. It sentenced appellant to concurrent prison terms of 27 months. Asked whether he had any objections to his sentences or the manner in which they were imposed, appellant stated that it relied on its previous objections. He now appeals his sentences.

Appellant contends that the district court mistakenly believed that it did not have the authority to depart from the Guidelines sentence range based on the disparity between his and his co-defendants' sentences; that, pursuant to 18 U.S.C. § 3553(a)(6), the court is required to consider the need to avoid disparity among defendants with similar records found guilty of similar conduct; that because of the court's failure adequately to consider the disparity issue, the court gave him a greater total sentence than his equally or more culpable co-conspirators though his conduct called for a lesser sentence; that three co-defendants who played more culpable roles in the offense conduct received probation or minimal sentences, and many others involved in the fraud received only probation; and that he should have received a lesser sentence because his cooperation with the government was more

3

extensive than that given by the other individuals. Finally, he contends that, following United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a court can and must sentence a defendant to the same term of imprisonment as those equally culpable.

Post-Booker, we review a sentence imposed by the district court for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). Sentencing now requires two steps. Id. at 786. First, the district court must consult the guidelines and correctly calculate the sentence range under the Guidelines. Id. Pre-Booker standards for reviewing application of the guidelines still apply. United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005). Second, the court must consider the factors listed in 18 U.S.C. § 3553(a). Talley, 431 F.3d at 785. One of those factors is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a).

In the instant case, the court carried out both of these steps and, in the process, specifically considered the disparity, if any, between appellant's sentences and the sentences his co-defendants received (from another district judge) and granted appellant a downward departure on that basis. Contrary to appellant's view, the court was not mistaken concerning his departure authority; the court fully

4

understood what it was.  Appellant's claim is therefore meritless.[2]

AFFIRMED

---

[2] In his brief, appellant raises other issues.  They were not preserved.  See United States v. Jones, 899 F.2d 1097 (11th Cir. 1990).