[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 09, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13709
Non-Argument Calendar

_____

D. C. Docket No. 06-00002-CR-FTM-29SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS VELASCO-VENANCIO,
a.k.a. Remo Cortez Guzman,
a.k.a. Romeo Cortez Guzman,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 9, 2007)**

Before BLACK, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Carlos Velasco-Venancio appeals his 46-month sentence for illegal reentry into the United States by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2). Velasco-Venancio challenges the district court's procedure in applying the 18 U.S.C. § 3553(a) factors as well as the reasonableness of the length of his sentence. For the reasons set forth more fully below, we affirm.

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). When evaluating the reasonableness of a sentence, we consider the factors outlined in 18 U.S.C. § 3553(a) and the district court's reasons for imposing the particular sentence. United States v. Williams, 456 F.3d 1353, 1360-61 (11th Cir. 2006), pet. for cert. filed, (U.S. Oct. 19, 2006) (No. 06-7352). Unreasonableness may be procedural, when the court's procedure does not follow Booker's[1] requirements, or substantive. See United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006). When imposing a sentence, the district court must first correctly calculate the Guidelines. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Second, the district court must consider the following factors to determine a reasonable sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness

---

[1] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

2

of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Id.

"[T]here is a range of reasonable sentences from which the district court may choose" and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Id. at 788. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court[,]" and we will not "substitute our judgment in weighing the relevant factors because our review is not de novo." Williams, 456 F.3d at 1363 (citation, quotation marks, and alteration omitted). Although a sentence within the Guidelines range is not, per se, reasonable, the use of the Guidelines remains central to the sentencing process and we ordinarily expect a sentence within the Guidelines range to be reasonable. Talley, 431 at 787-88. However, the district court's choice of a sentence is not unfettered. Williams, 456 F.3d at 1363. "When reviewing the length of a sentence for reasonableness, we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in

3

weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Id.

Velasco-Venancio's 46-month sentence is at the high end of the applicable advisory Guideline range. When imposing this sentence, the district court stated that it considered all of the § 3553 factors and that its sentence was sufficient but not greater than necessary to comply with the purposes of sentencing. The court's additional comments reflect that it was aware of the presence of Velasco-Venancio's family and children in the United States, but that its focus was on Velasco-Venancio's criminal history and the need for deterrence.

Although the district court did not discuss each § 3553(a) factor, it was not required to do so. Talley, 431 F.3d at 786. Moreover, "an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker." Id. at 786. Here, the district court stated that it considered all of the § 3553 factors. We, therefore, discern no procedural unreasonableness. See Hunt, 459 F.3d at 1186 (holding that court's express consideration of the § 3553(a) factors, and its decision to give considerable weight to the Guidelines in that case, comported with Booker's requirements).

To the extent that the court gave Velasco-Venancio's criminal history, the need for deterrence, and the applicable Guidelines range more weight than the

mitigating evidence Velasco-Venancio presented, this decision was committed to the court's discretion. Williams, 456 F.3d at 1363. In reviewing Velasco-Venancio's sentence, we cannot say that the court exceeded its discretion. Velasco-Venancio's sentence was at the high end of his advisory Guideline range and slightly less than one fifth (48 months) of the applicable 20-year (240-month) statutory maximum term of imprisonment. 8 U.S.C. § 1326(a), (b)(2). Velasco-Venancio's criminal history included two arrests giving rise to three prior illegal reentry convictions. Given these considerations, Velasco-Venancio's reliance on the presence of his family and children in the United States and the positive aspects of his history and characteristics does not create "the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Williams, 456 F.3d at 1363. Accordingly, Velasco-Venancio has failed to establish that his sentence is substantively unreasonable. In light of the foregoing, we

**AFFIRM.**

5