[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13756

_____

D. C. Docket No. 05-20539-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARK B. SAMPSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 14, 2007)**

Before CARNES and WILSON, Circuit Judges and STAGG,* District Judge.

_____

*Honorable Tom Stagg, United States District Judge for the Western District of Louisiana, sitting by designation.

PER CURIAM:

Clark Sampson appeals his conviction for mail fraud on the grounds that it was not supported by sufficient evidence. Sampson was convicted of making fraudulent representations in order to induce customers to purchase unprofitable pay phones. He argues that he was unaware of the fraudulent nature of his statements and that the government thus failed to prove "intentional participation in a scheme to defraud." *United States v. Hasson*, 333 F.3d 1264, 1270 (11th Cir. 2003) (noting the elements of a mail fraud conviction). Reviewing the sufficiency of the evidence *de novo*, but drawing all inferences in favor of the government, we find no merit in Sampson's claim. *United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005). We have held that "direct proof of willful intent to defraud is not necessary [for a mail fraud conviction]. It may be inferred from the activities of the parties involved." *United States v. Munoz*, 430 F.3d 1357, 1369 (11th Cir. 2005) (citing *Blachly v. United States*, 380 F.2d 665, 676 (5th Cir. 1967)). Here, Sampson's experience in the phone industry, his knowledge of customer complaints, and his refusal to speak to customers after a completed sale creates an inference that Sampson was aware that his representations were false. We thus find that Sampson's conviction is supported by sufficient evidence and affirm.

Sampson next argues that the district court abused its discretion in denying a

mistrial request after previously excluded evidence was presented to the jury. In a pre-trial order, the district court excluded evidence of civil claims against Ameritel, Sampson's prior employer. The challenged testimony established that Sampson had prior experience in the phone industry, but made no reference to the proceedings against Ameritel. Contrary to Sampson's arguments, it is therefore beyond the purview of the exclusionary order. Additionally, even if we were to conclude that the testimony was improperly included, Sampson was not prejudiced since the government introduced other evidence that established Sampson's awareness of the fraudulent nature of the enterprise. We thus find that the district court properly exercised its discretion in denying Sampson's motion for a mistrial.

Finally, Sampson argues that his sentence is unreasonable because the district court failed to consider properly his relationship with his family and his recent services to the community, and thus refused to impose a sentence below the Guidelines range. The record demonstrates that the district court properly calculated the Guidelines sentence, heard testimony on mitigating factors, and took the U.S.S.G. §3553(a) factors into account when making its determination. In light of Sampson's extensive criminal history and the extensive financial loss to the victims, we cannot say that Sampson has met his burden of establishing that the sentence was unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir.

3

2005).  Accordingly, his sentence, and the underlying conviction, is affirmed.

**AFFIRMED**

4