[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 2, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11353
Non-Argument Calendar

_____

D. C. Docket No. 04-00082-CR-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN KEVIN TALLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 2, 2005)

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

John Kevin Talley appeals his 51-month sentence for making false statements on a firearms application. See 18 U.S.C. § 924(a)(1)(A). Talley argues

that his sentence was unreasonable because the district court failed to mention and discuss all the sentencing factors required by United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).  See 18 U.S.C. § 3553(a).  The government counters that Talley's sentence is per se reasonable.  We reject both these arguments.  We conclude that the district court adequately considered the sentencing factors in section 3553(a) and, in the light of those factors and the record, imposed a reasonable sentence.  We affirm.

## I. BACKGROUND

On January 23, 2004, Talley attempted to purchase four firearms in Jonesboro, Georgia, and falsely stated on a written application that he had never been convicted of a felony.  A background check revealed that Talley had been convicted of a felony in New Jersey and was in violation of his probation.  Talley was arrested and confessed to having attempted to purchase the firearms, knowingly answering the previous convictions question falsely, and having been convicted of the felonies of criminal trespass in New Jersey and obstruction of an officer in Georgia.  Talley also admitted to having purchased more than 50 firearms since 1993, the majority of which he claimed to have given to relatives in Camden, New Jersey.

On January 20, 2005, Talley was sentenced to 51 months of imprisonment.

The district court calculated this sentence by using section 2K2.1(a)(4)(A) of the U.S. Sentencing Guidelines, which assigned a base level of 20 because of Talley's previous conviction for a crime of violence. The district court added two levels because the current offense involved the attempted purchase of four firearms, but then subtracted two levels because Talley took responsibility for his crime and truthfully admitted his conduct. At level 20, the Guidelines provided a sentence range of 51 to 63 months of imprisonment. Over Talley's objection, the district court imposed a sentence at the low end of the Guidelines range.

## II. STANDARD OF REVIEW

We review the sentence imposed by the district court for reasonableness. Booker, 543 U.S. at__, 125 S. Ct. at 765.

## III. DISCUSSION

Talley argues on appeal that his sentence was unreasonable because the district court did not mention or discuss each of the factors listed in section 3553(a). Talley also argues that the district court erred when it did not discuss either whether treatment for his medical conditions and blindness in one eye could be accomplished more effectively out of custody or whether he could receive education or vocational training out of confinement. Talley's arguments fail.

We discuss these issues in three parts. First, we address Talley's objections

3

to the sentencing process. Second, we address the argument of the government that Talley's sentence is per se reasonable. Third, we address whether Talley's sentence was reasonable.

*A. The District Court Did Not Err in the Sentencing Process.*

After <u>Booker</u>, sentencing requires two steps. First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines. <u>See</u> <u>United States v. Crawford</u>, 407 F.3d 1174, 1178 (11th Cir. 2005). Second, the district court must consider several factors to determine a reasonable sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. <u>See</u> 18 U.S.C. § 3553(a).

Contrary to Talley's argument, when the district court considers the factors of section 3553(a), it need not discuss each of them. In <u>United States v. Scott</u>, 426

4

F.3d 1324 (11th Cir. 2005), we explained that "nothing in <u>Booker</u> or elsewhere requires the district court to state on the record that it has explicitly considered each of the section 3553(a) factors or to discuss each of the section 3553(a) factors." <u>Id.</u> at 1329. We concluded that an acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under <u>Booker</u>.

Talley's argument that the district court did not properly consider the factors of section 3553(a) also is foreclosed by <u>Scott</u>. The transcript of Talley's sentencing hearing provides ample evidence that the district court properly considered the factors. The district court correctly calculated the Guidelines range and stated, "<u>Based on all the facts and circumstances of this case</u>, I think that the guidelines do produce a fair and reasonable sentence considering the factors set forth in 18, section 3553(a) . . . ."

Although unnecessary under <u>Scott</u>, the district court also elaborated on the basis for its sentence. The district court determined that the range provided by the Sentencing Guidelines was appropriate because of the serious nature of the crime and the types of firearms Talley wanted to purchase. The district court stated its belief that Talley intended to distribute those firearms in Camden, New Jersey. The district court imposed a sentence at the low end of the recommended

Guidelines range because Talley had committed "only one crime of violence and only one rather minor drug offense." The district court mentioned Talley's medical issues as a mitigating factor but determined that those issues would be addressed by the Bureau of Prisons.

### B. A Sentence Within the Guidelines Range Is Not Per Se Reasonable.

The United States argues that a "sentence at the low end of the applicable advisory Sentencing Guidelines range is, per se, a reasonable sentence." This argument does not comport with the Booker decision. According to Black's Law Dictionary, "per se" means, "Of, in, or by itself; standing alone, without reference to additional facts." To say that a sentence within the Guidelines range is "by itself" reasonable is to ignore the requirement that the district court, when determining a sentence, take into account the other factors listed in section 3553(a). See Booker, 543 U.S. at __, 125 S. Ct. at 765-66.

Several other Circuits also have refused to adopt the rule that sentences within the Guidelines range are "per se" reasonable. The Sixth Circuit, in United States v. Webb, 403 F.3d 373, 385 n.9 (6th Cir. 2005), expressly "decline[d] to hold that a sentence within a proper Guidelines range is per se reasonable." Similarly, the Eighth Circuit, in United States v. Archuleta, 412 F.3d 1003, 1007 (8th Cir. 2005), stated that it had "not yet held that a sentence within a correctly

calculated Guideline range is reasonable per se."  The Fifth Circuit, in <u>United States v. Mares</u>, 402 F.3d 511, 519-20 (5th Cir. 2005), stated that it would give great deference to a sentence imposed by the district court judge if it was within the Guidelines range, but stopped short of stating that any sentence within the Guidelines range is, per se, reasonable.  In <u>United States v. Mykytiuk</u>, 415 F.3d 606, 607 (7th Cir. 2005), the Seventh Circuit stated that "<u>Booker</u> does not hold that a Guidelines sentence must conclusively be presumed to be reasonable."

Although we reject the argument of the United States that a sentence within the Guidelines range is per se reasonable, we agree that the use of the Guidelines remains central to the sentencing process.  Our reading of the decision in <u>Booker</u> confirms this assessment.  The Supreme Court, in its <u>Booker</u> decision, reiterated the importance of consulting the Guidelines, although in an advisory fashion. The <u>Booker</u> Court explained that, after it excised the provisions that made the Guidelines mandatory, the sentencing system would still provide uniformity and link the sentences to the actual offenses committed:

> The approach, which we now adopt, would (through severance and excision of two provisions) make the Guidelines system advisory while maintaining a strong connection between the sentence imposed and the offender's real conduct–a connection important to the increased uniformity of sentencing that Congress intended its Guidelines system to achieve.

<u>Booker</u>, 543 U.S. at __, 125 S. Ct. at 757.

The Booker Court explained that judges would continue to rely on extra-verdict information for sentencing purposes, because the Booker Court concluded that depriving the judges of this information would undermine the goals of Congress in adopting the Guidelines:

> To engraft the Court's constitutional requirement [of jury fact-finding] onto the sentencing statutes, however, would destroy the system. It would prevent a judge from relying upon a presentence report for factual information, relevant to sentencing, uncovered after the trial. In doing so, it would, even compared to pre-Guidelines sentencing, weaken the tie between a sentence and an offender's real conduct. It would thereby undermine the sentencing statute's basic aim of ensuring similar sentences for those who have committed similar crimes in similar ways.

Booker, 543 U.S. at __, 125 S. Ct. at 760.

The Booker Court reasoned that continued use of the Guidelines in an advisory fashion would further the purposes of Congress in creating the sentencing system to be honest, fair, and rational:

> As we have said, the Sentencing Commission remains in place, writing Guidelines, collecting information about actual district court sentencing decisions, undertaking research, and revising the Guidelines accordingly. The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. The courts of appeals review sentencing decisions for unreasonableness. These features of the remaining system, while not the system Congress enacted, nonetheless continue to move sentencing in Congress' preferred direction, helping to avoid excessive sentencing disparities while maintaining flexibility sufficient to individualize sentences where necessary.

8

Booker, 543 U.S. at __, 125 S. Ct. at 767 (internal citations omitted).

Although either a defendant or the government can appeal a sentence within the Guidelines range and argue that it is unreasonable, ordinarily we would expect a sentence within the Guidelines range to be reasonable. After Booker, our ordinary expectation still has to be measured against the record, and the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both that record and the factors in section 3553(a). We now turn to that evaluation.

*C. Talley's Sentence Is Reasonable.*

When we review a sentence for reasonableness, we do not, as the district court did, determine the exact sentence to be imposed. Our review is not de novo. A district court may impose a sentence that is either more severe or lenient than the sentence we would have imposed, but that sentence must still be reasonable.

Review for reasonableness is deferential. We must evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a). In our evaluation of a sentence for reasonableness, we recognize that there is a range of reasonable sentences from which the district court may choose, and when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one.

Talley's argument that his sentence is unreasonable fails. Talley complains about the process by which the district court pronounced his sentence, but Talley fails to explain how the sentence itself is unreasonable. The record also shows that the district court carefully considered Talley's objections about his need for medical treatment and other appropriate sentencing factors. Nothing in this record suggests that Talley's sentence, at the low end of the Guidelines range, was unreasonable. The district court, therefore, did not err. See Scott, 426 F.3d at 1330; United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005).

## IV. CONCLUSION

Because the district court did not err in the sentencing process and Talley's sentence is reasonable, the sentence imposed by the district court is

**AFFIRMED**.