[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 22, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11990
Non-Argument Calendar

_____

D. C. Docket No. 03-00242-CR-CB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PERRY LAMAR BOOKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(September 22, 2006)**

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Perry Lamar Booker was sentenced to 84 months' imprisonment following his conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). In a prior appeal, we affirmed the conviction, but vacated and remanded Booker's sentence for resentencing consistent with United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). United States v. Booker, 131 Fed. Appx. 234 (11th Cir. May 12, 2005) (unpublished). Booker now appeals the 78-month sentence the district court imposed upon resentencing. For the reasons set forth more fully below, we affirm Booker's sentence.

On appeal, Booker first argues that the district court erred in enhancing his sentence under U.S.S.G. § 2K2.1(b)(5) because the government did not prove, by a preponderance of the evidence, that he knowingly possessed the drugs found in the trailer. We review the district court's application and interpretation of the Sentencing Guidelines de novo and its findings of fact for clear error. United States v. Rhind, 289 F.3d 690, 693 (11th Cir. 2002). In calculating the Guideline range for a firearm possession offense under § 922(g)(1), a four-level increase to the base offense level is required "[i]f the defendant . . . possessed any firearm . . . in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5).

The district court relied only upon evidence adduced at trial to find that the § 2K2.1(b)(5) enhancement was warranted. We set out this evidence in our

2

previous opinion, see Booker, 131 Fed. Appx. at 237-39, and do not repeat it here. However, we add that Agent Carter further testified that there were several articles of clothing hanging over the pantry door in the kitchen area, and it was from this clothing that the bags appearing to contain powder cocaine were recovered. Carter stated that the manner in which the substance was bagged indicated that it was packaged for sale.

Upon review of the record, we find no clear error. First, the district court could reasonably find that Booker was living in the trailer and using the master bedroom. The district court also could reasonably find that Booker knowingly possessed the drugs because the guns, some of the drugs, and the money were found in an open closet in this bedroom, and cocaine, which was packaged for sale, was found among several articles of clothing hanging over the pantry door in the kitchen area. In addition, Booker initially denied living at the trailer when he arrived there during the search of his residence. Based on the circumstances of this denial and the evidence to the contrary, the district court could find that Booker knew about the weapons and drugs in the residence and was attempting to exculpate himself.

Booker next argues that his 78-month sentence is unreasonable because the government's failure to disclose the identity of the confidential informant deprived

him of evidence to support his argument that the drugs belonged to Carlos Booker and because holding him accountable for conduct for which the jury did not return a guilty verdict does not promote respect for the law. We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005). The district court's imposition of a sentence and our reasonableness inquiry are guided by the factors outlined in 18 U.S.C. § 3553(a). United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005); Winingear, 422 F.3d at 1246. The § 3553(a) factors take into account:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Talley, 431 F.3d at 786. "[T]here is a range of reasonable sentences from which the district court may choose," and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. Id. at 788.

Here, Booker does not meet this burden. Booker's 78-month sentence was at the low end of the Guideline range and was less than two-thirds of the ten-year

4

statutory maximum term of imprisonment. See 18 U.S.C. § 924(a)(2). The district court inquired into Booker's conduct and activities while in jail and, in sentencing Booker, stated that the advisory Guideline range was reasonable and that a low end Guideline sentence met the sentencing objectives of punishment, deterrence, and incapacitation. Moreover, contrary to Booker's argument, acquitted conduct may be considered at sentencing. United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir.), cert. denied, 126 S.Ct. 432 (2005). We thus hold that Booker's sentence did not exceed the range of reasonable sentences available to the district court.

In light of the foregoing, we affirm Booker's sentence.

**AFFIRMED.**