[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14915

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00057-CR-ORL-22-JGG

UNITED STATES OF AMERICA,

Plaintiff-Appellee
Cross-Appellant,

versus

RICHARD ADAMSON,
a.k.a. R. Casper Adamson,

Defendant-Appellant
Cross-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

**(June 13, 2007)**

Before ANDERSON, MARCUS and COX, Circuit Judges.

PER CURIAM:

Defendant Richard Adamson appeals his three-month sentence for violating 18 U.S.C. § 876(c) by mailing a greeting card containing white powder to a federal district judge in the Middle District of Florida. The district court sentenced the Defendant without calculating or considering the Guidelines or the factors set forth in Title 18 U.S.C. § 3553(a), and without ordering a pre-sentence investigation report ("PSI") or providing the Defendant with notice of sentencing. After thorough review, we vacate the sentence and remand the case for resentencing.

The Defendant is currently a Florida state inmate. On or about December 12, 2005, he sent a greeting card from prison to a federal district judge that contained a white powder. Not surprisingly, the law clerk who opened the envelope became concerned about the nature of the powder and called a HAZMAT team, but the powder tested negative for biological agents, apparently because it was foot powder. The Defendant was then interviewed by federal agents on March 7, 2006. At the interview, the Defendant declared, "I did it." He elaborated, "I sent the Christmas card to [the judge]," and he told the agents that he mailed the card with white powder to the district judge precisely because he wanted to be arrested, convicted, and taken into federal custody. The Defendant was indicted on two counts: (1) knowingly causing to be delivered by the U.S. Postal Service a communication to a federal judge containing a threat of injury, in violation of 18

2

U.S.C. § 876(c), and (2) knowingly "engag[ing] in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that" the use of a weapon of mass destruction (i.e., anthrax) was taking place, in violation of 18 U.S.C. § 1038(a)(1).

At the change-of-plea hearing before the district court, the Defendant pled guilty to Count 1 and, in exchange, the Government agreed to dismiss Count 2. During the plea colloquy, the Defendant explained his belief that Florida state prison officials were trying to kill him and that, to save his life, he committed the charged federal offense so that he would be transferred to federal custody for the remainder of his sentence. The Defendant requested that he be allowed to consult with a mental-health expert to assist in preparing a sentencing memorandum, apparently with the hope that he would then serve his sentence in a federal mental-health facility.

After the district court accepted the Defendant's plea, the court decided to sentence the Defendant immediately and without ordering a PSI. The court explained that it was not going to get a PSI and was "not going to listen to any report by any psychiatrist because . . . this is not a way to get jurisdiction into the federal court system." Defense counsel objected to sentencing the Defendant then

3

-- without a PSI, without the opportunity to consult with an expert to assess the Defendant's mental health, without the opportunity to file a memorandum to rebut the district court's sentencing decision, and without notice of the court's decision to sentence the Defendant immediately. The Government also objected on various grounds to sentencing the Defendant immediately. Once the Defendant realized that he would not be permitted to consult a mental-health expert before being sentenced, he moved to withdraw his plea. The district court denied the motion. Counsel for both the Defendant and the Government objected to the court's denial of the Defendant's motion to withdraw his plea.

Immediately thereafter, the district court sentenced the Defendant to three months imprisonment to be served consecutively to any prior state or federal sentence. In imposing the sentence, the district court concluded "that the Guidelines have absolutely nothing to do with this case, that it's a unique case, and the Guidelines don't apply." He added that the greeting card was not meant as a threat to a United States District Judge but rather was "a vehicle that [he] thought that [he] could use in order to avail [him]self with federal jurisdiction." Because the district court found that the crime was "nothing but a ploy" to get a long sentence notably in a federal institution, it refused to impose a harsh sentence.

On appeal, the Defendant asks this Court to vacate his sentence on the

grounds that the district court sentenced him without calculating or consulting the Guidelines, without considering the factors set forth in Title 18 U.S.C. § 3553(a), without ordering a PSI, without providing the Defendant with notice, and without providing him with the opportunity to consult with a mental-health expert in violation of Ake v. Oklahoma, 470 U.S. 68 (1985).

The law is crystal clear that, when sentencing a defendant, a district court "must consult and correctly determine the advisory range prescribed by the Sentencing Guidelines" and "must consider the factors enumerated in 18 U.S.C. § 3553(a)." United States v. Turner, 474 F.3d 1265, 1281 (11th Cir. 2007) (emphases added); see also United States v. Booker, 543 U.S. 220, 264 (2005) ("The district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." (emphasis added)); United States v. Hunt, 459 F.3d 1180, 1182 (11th Cir. 2006) ("[T]he Guidelines remain in place in an advisory capacity and must be considered along with the other sentencing goals laid out in 18 U.S.C. § 3553(a)." (emphasis added) (quotation marks omitted)); United States v. Talley, 431 F.3d 784, 787-88 (11th Cir. 2005) (per curiam).

The law is equally clear that a sentencing court must order a PSI and must provide the defendant with the PSI before sentencing so that the defendant has sufficient notice. Section 3552(a) provides that "[a] United States probation officer

shall make a presentence investigation of a defendant that is required pursuant to the provisions of Rule 32(c) of the Federal Rules of Criminal Procedure, and shall, before the imposition of sentence, report the results of the investigation to the court." 18 U.S.C. § 3552(a) (emphases added). In turn, Rule 32(c) requires that "[t]he probation officer must conduct a presentence investigation and submit a report to the court before it imposes sentence unless . . . the court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the court explains its finding on the record." Fed. R. Crim. P. 32(c)(1) (emphases added); see also 18 U.S.C. § 3552(d).

Here, the district court expressly refused to consult the Guidelines or order a PSI. The record also contains no indication that the trial court considered the section 3553(a) factors, and the court plainly did not "explain[] its finding on the record" that "the information in the record enable[d] it to meaningfully exercise its sentencing authority" under section 3553(a) without a PSI. See Fed. R. Crim. P. 32(c)(1). Accordingly, we have no choice but to vacate the Defendant's sentence and remand for resentencing.

The Government also cross-appealed and, unusually, asks this Court to vacate the Defendant's plea sua sponte, pointing to numerous errors committed by the district court during the Rule 11 colloquy. The Defendant raises no arguments

6

on appeal with respect to his plea and expressly abandoned any such claims at oral argument. Indeed, the Defendant has vigorously opposed the vacatur of his plea. After thorough review, we cannot discern a sufficient basis to take the extraordinary step of sua sponte vacating the Defendant's plea, and we decline the Government's invitation to do so. The Government has also asked us to reassign this case to a different district judge on remand. That request is also denied. See United States v. Torkington, 874 F.2d 1441, 1446 (11th Cir. 1989) (per curiam).

**SENTENCE VACATED and REMANDED**.