[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14507
Non-Argument Calendar
_____

D. C. Docket No. 06-80033-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHESTER WAYNE SANTORO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 15, 2007)**

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

Chester Wayne Santoro appeals his sentence imposed after pleading guilty to possession of one or more firearms and one or more rounds of ammunition by a convicted felon, possession of a firearm by a convicted felon, and possession of one or more firearms and one or more rounds of ammunition, all in violation of 18 U.S.C. § 922(g)(1). Santoro was found in possession of 24 firearms. One of the firearms, a Cobray Model M10 .45 caliber semi-automatic pistol (Cobray pistol), had a barrel length of approximately 5 3/4 inches and had an aftermarket nut glued to its handle. The Cobray pistol was found together in the same case with a detached shoulder stock, a stock screw, and an allen wrench.[1] Santoro contends the district court clearly erred by classifying the Cobray pistol as a short-barreled rifle, pursuant to 26 U.S.C. § 5845. Santoro further contends his sentence is unreasonable. We address each issue in turn.

I.

Santoro asserts, for the first time on appeal, that there was no evidence the Cobray pistol had a rifled bore, a grooved interior to the gun's barrel, because a pistol could have had either a smooth or rifled bore. Santoro contends the Government failed to meet its burden of proof with regard to the essential element

_____

[1] The parties stipulated that the Cobray pistol and shoulder stock were found together, but disassembled, in the same case.

of showing the Cobray pistol had a rifled bore. Therefore, Santoro argues the enhanced base offense level under § 2K2.1(a)(4)(B) was improper.

Because Santoro failed to raise any objection in the district court, Santoro's claim the Cobray pistol did not have a rifled bore is reviewed only for plain error to avoid manifest injustice. *See United States v. Harness*, 180 F.3d 1232, 1234 (11th Cir. 1999). The ATF report stated the Cobray pistol was "designed to use the energy of an explosive to fire a single projectile *through a rifled bore* for each single pull of the trigger." (Emphasis added). Santoro explicitly stated he had no objections to the admission of the ATF report because his argument against the enhancement "[was] clearly a legal argument." Thus, the record contained uncontested evidence the Cobray pistol contained a riled bore, and the district court did not commit error, plain or otherwise, by relying on that evidence to enhance Santoro's sentence.

Santoro further contends the Cobray pistol does not qualify as a prohibited short-barreled rifle, for purposes of 26 U.S.C. § 5845(c), because the shoulder stock was not attached to the Cobray pistol at the time it was found. Santoro contends the definition of "rifle" should be read narrowly because, in contrast to the definition of "machinegun" in § 5845(b), the definition of "rifle" in § 5845(c) does not contain language equating disassembled parts to a fully-assembled

3

weapon. Santoro asserts the district court failed to consider *United States v. Thompson/Center Arms Co.*, 112 S. Ct. 2102 (1992), and improperly relied on *United States v. Kent*, 175 F.3d 870 (11th Cir. 1999), and other circuit court cases that are distinguishable from this case. Santoro asserts the Cobray pistol is its own discrete weapon, different than the rifle discussed in *Kent*, and is completely operable with or without the shoulder stock.

In *Thompson*, the Supreme Court determined that a weapon kit produced by Thompson/Center Arms Company (Thompson/Center) was not taxable as a "firearm" for purposes of the National Firearms Act (NFA), 26 U.S.C. § 5821. 112 S. Ct. at 2104. The three-justice plurality in *Thompson* determined Thompson/Center had not "made" a short-barreled rifle within the meaning of 26 U.S.C. § 5821, because the aggregation of parts within each kit could result in a dual use of either a non-prohibited firearm or a prohibited firearm. *Id.* at 2104-05, 2107-10. However, the plurality applied a "utility" test, determining that packaging a gun together with parts that "would have no use in association with the gun except to convert it into a firearm" would suffice to "make" a firearm for purposes of the NFA. *Id.* at 2106-07. The plurality rejected Thompson/Center's argument the definition of "rifle" should be read narrowly and no aggregation of parts could suffice to make a prohibited rifle. *Id.* at 2107-09.

4

In *Kent*, this Court held there was sufficient evidence to prove Kent possessed a prohibited rifle for purposes of § 5845(c), even though the unit was disassembled, because the pieces "were located in the same, small apartment and could be connected so quickly and easily, creating an operable short-barreled rifle with only a minimum of effort." 175 F.3d at 874. Section 5845(c)'s definition of a "rifle" does not specify that the weapon must be fully assembled in order to be a "rifle," and the "critical factor [was] that the weapon could be readily restored to operate as a firearm." *Id.* at 874-75 (quotations omitted). We discussed *Thompson* and determined that, although *Thompson* "raises more questions than it answers," the plurality's "utility" analysis supported Kent's conviction because the units "clearly and easily [could] be used to convert the [rifle] into a 'firearm' and [the units had] no other ostensible purpose aside from making such a conversion." *Id.* at 877.

The district court did not clearly err in finding that, despite being disassembled, the units found within the single case constituted a prohibited short-barreled rifle. *United States v. Trujillo*, 146 F.3d 838, 847 (11th Cir. 1998) (stating a district court's factual findings are reviewed for clear error). Consistent with *Kent*, the Cobray pistol, together with the shoulder stock and the screw, were located in close proximity to one another and could be easily restored to operate as

5

a short-barreled rifle quickly and with only a minimum of effort. *See Kent*, 175 F.3d at 874. Furthermore, there was no evidence the combined units had any other "ostensible purpose" aside from converting the pistol into a prohibited short-barreled rifle. *See id.* at 877. The shoulder stock fit easily onto the Cobray pistol, and the screw found inside the case fit onto the aftermarket nut that was glued to the handle of the Cobray pistol. Once the pieces were assembled, the Cobray pistol became a "rifle" with a barrel length of approximately 5 3/4 inches and was "redesigned . . . to be fired from the shoulder and . . . redesigned to use the energy of the explosive in a fixed cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger." 26 U.S.C. § 5845(a), (c).

## III.

Santoro contends that under the circumstances of his case, the imposition of an advisory Guidelines range sentence was unreasonably harsh. Sentencing requires two steps. *United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005). The district court must first calculate the correct advisory Guidelines range. Then, the district court must consider the 18 U.S.C. § 3553(a) factors and to determine a reasonable sentence. *Id.* Some of the § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, the pertinent Sentencing

6

Commission policy statements, and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(1)-(6).

Santoro has not met his burden of establishing the sentence imposed was unreasonable. *See Talley*, 431 F.3d at 788 ("[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)."). First, the district court correctly calculated Santoro's Guidelines range. Second, the district court explicitly referenced the § 3553(a) factors, and noted it was aware of the advisory nature of the Guidelines. The court considered the nature and circumstances of the offense and the history and characteristics of Santoro, noting it was "very sympathetic with the medical problems of both [Santoro] and his family, and [acknowledged there was a] tremendous impact on the family on this sentence." Of particular importance to the court, however, was the need for deterrence, which was heightened in this case because Santoro, a convicted felon, was selling weapons. The 41-month sentence imposed is at the low end of the Guidelines range, does not exceed the 10-year statutory maximum, and achieves the purposes of sentencing stated in § 3553(a). *See* 18 U.S.C. § 924(a)(2); *Talley*, 431 F.3d at 787-88 (stating although a sentence within the Guidelines range is not *per* se

reasonable, we would ordinarily expect a within-Guidelines sentence to be a reasonable one).

IV.

The district court did not clearly err by classifying the Cobray pistol as a short-barreled rifle pursuant to 26 U.S.C. § 5845.  Additionally, Santoro's sentence is reasonable.  Thus, we affirm his sentence.

**AFFIRMED.**