[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 17, 2007
THOMAS K. KAHN
CLERK

No. 06-13818
Non-Argument Calendar

_____

D. C. Docket No. 05-20118-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISMAEL JOVANNY GUZMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 17, 2007)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Ismael Guzman appeals his sentence of 600 months of imprisonment after

pleading guilty to two counts of conspiracy to commit robbery and two counts of robbery in violation of the Hobbs Act. See 18 U.S.C. § 1951(a). Guzman argues that the district court erred when it refused to grant a downward departure, see United States Sentencing Guidelines § 2A1.1 cmt. n.2(B) (Nov. 2005), and imposed an unreasonable sentence. We affirm.

Guzman argues that the district court wrongly refused to grant a downward departure. We lack jurisdiction to review the discretionary refusal of a district court to grant a downward departure unless the district court erroneously believed that it was without authority to depart from the advisory Guidelines range. United States v. Norris, 452 F.3d 1275, 1282 (11th Cir. 2006). The extensive analysis provided by the district court in reaching its decision establishes that the district court understood its authority to depart downward, but declined to exercise that authority. We are without jurisdiction to review that decision.

Guzman also argues that his sentence is unreasonable. He argues that the district court violated the "concept of advisory guidelines" by requiring defense counsel to explain why the characteristics of the defendant warranted a sentence below the Guidelines range. Guzman also contends that his sentence, which is 13 years longer than the sentence of his co-defendant, failed to achieve the goal of avoiding sentencing disparities. See 18 U.S.C. § 3553(a)(6). We disagree.

"Review for reasonableness is deferential." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id. "When we review a sentence for reasonableness, we do not, as the district court did, determine the exact sentence to be imposed." Id. "We must evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Id. "[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Id.

Guzman's sentence of 600 months of imprisonment was reasonable. The sentence was within the advisory Guidelines range and below the statutory maximum sentence. Both the sentencing order and the transcript of the sentencing hearing establish that the district court sentenced Guzman, as the "direct perpetrator" of a death, after careful consideration of Guzman's arguments in favor of mitigation, the Guidelines, and the sentencing factors of section 3553(a).

Guzman's sentence is

**AFFIRMED.**