[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 13, 2008
THOMAS K. KAHN
CLERK

No. 07-13519
Non-Argument Calendar

_____

D. C. Docket No. 07-00075-CR-T-26-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PEDRO JOSE ZAMORA-CEDENO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 13, 2008)**

Before BIRCH, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Pedro Zamora-Cedeno appeals his two 135-month concurrent sentences

imposed after he pled guilty to conspiracy and aiding and abetting possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), (b), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2. On appeal, Zamora-Cedeno argues that (1) the district court erred by denying him a minor-role reduction pursuant to U.S.S.G. § 3B1.2, and (2) his sentence is substantively unreasonable.

## I. Minor-role reduction

We review the district court's determination of a defendant's role in an offense for clear error. *United States v. De Varon*, 175 F.3d 930, 934 (11th Cir. 1999) (en banc). A sentencing court may decrease a defendant's offense level by two points if the court finds that the defendant was a minor participant. U.S.S.G. § 3B1.2(b). A minor participant is one who "is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5. The party seeking a reduction bears the burden of establishing that the defendant's role was minor by a preponderance of the evidence. *De Varon*, 175 F.3d at 939. With respect to this inquiry, district courts are not required to make "specific findings other than the ultimate determination of the defendant's role in the offense." *Id.* at 940.

In determining whether a minor-role reduction is warranted, a district court performs a two-prong analysis examining (1) the defendant's role against the relevant conduct for which he was held accountable, and (2) the defendant's role in comparison to the other participants. *Id.* at 940. Under the first prong, "the district court must assess whether the defendant is a minor . . . participant in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." *Id.* at 941. Under the second prong, the district court may assess a defendant's culpability in comparison to "other participants in the relevant conduct." *Id.* at 944. The district court may only consider participants who are "identifiable or discernable from the evidence," and "who were involved in the relevant conduct attributed to the defendant." *Id.* "[A] defendant is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable than the other discernable participants." *Id.* Rather, to receive a minor-role adjustment, "the district court must determine that the defendant was less culpable than *most other participants* in [his] relevant conduct." *Id.*

In the drug courier context, relevant facts include, but are not limited to: the amount of drugs, their fair market value, an equity interest in the drugs, a role in planning the scheme, and the role in the distribution. *Id.* at 945. Indeed, the drug quantity "may be the best indication of the magnitude of the courier's participation

in the criminal enterprise." *Id.* at 943.

Zamora-Cedeno was on a ship transporting over 10,000 kilograms of cocaine, with a value of over $150 million dollars. Furthermore, he failed to establish by a preponderance of the evidence that he was less culpable than most other participants aboard the ship. Based on the large drug quantity and the overlap between his conduct and the conduct for which he was held accountable, the district court did not clearly err in finding that Zamora-Cedeno was not entitled to a minor-role reduction.

## II. Reasonableness

Zamora-Cedeno argues that his sentences were greater than necessary to comply with the statutory goals of 18 U.S.C. § 3553(a). In particular, he argues that the district court failed to consider his individual circumstances and possible sentencing disparities with other "boat cases" and with four unindicted co-conspirators.

We review the final sentence imposed by a district court for reasonableness. *United States v. Booker*, 543 U.S. 220, 264, 125 S. Ct. 738, 767, 160 L. Ed. 2d 621 (2005). If the district court committed no significant procedural error, we evaluate a sentence's substantive reasonableness under an abuse-of-discretion standard, considering the totality of the circumstances. *Gall v. United States*, — U.S. —,

128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). The burden of showing that a sentence is unreasonable rests on the party challenging the sentence. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). If the guideline range is calculated correctly, we ordinarily expect a sentence within that range to be reasonable. *Id.*

The record shows that the district court correctly calculated the guideline range, considered the 18 U.S.C. § 3553(a) factors, and heard Zamora-Cedeno's arguments in mitigation. In the end, the district court did not abuse its discretion in concluding that a sentence at the low-end of that range was necessary to comply with the purposes of § 3553(a).

## III. Conclusion

The district court did not clearly err in denying Zamora-Cedeno a minor-role reduction and did not abuse its discretion in imposing concurrent 135-month sentences based on its consideration of the § 3553(a) factors. Accordingly, we affirm Zamora-Cedeno's sentences.

**AFFIRMED.**