[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2011
JOHN LEY
CLERK

_____

No. 10-15608
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-00047-WSD-CCH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALD GERRELL TRAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 16, 2011)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Ronald Gerrell Travis appeals his 96-month sentence for possession of a

firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Travis contends that his sentence, which was at the high end of the guidelines range, is substantively unreasonable.

I.

On September 25, 2009, the Atlanta Police Department responded to a call that a vehicle was stopped in the street with the driver slumped over the steering wheel. When an officer arrived, he found Travis slumped over the steering wheel and incoherent. The officer was able to wake Travis after repeatedly knocking on the window. At that point the vehicle began rolling away from the officer and Travis ignored the officer's demand that he stop the vehicle. The officer eventually got Travis to stop the vehicle and asked him to step out. When Travis did so, a crack pipe fell out of his lap. Travis then walked to the back of the vehicle, and while doing so, a loaded 9mm pistol fell out of his waist band. After a brief struggle, the officer was able to place Travis into custody. A search of the vehicle revealed another loaded firearm, 8.55 grams of crack cocaine, and multiple tiny bags for packaging the crack cocaine. Travis was arrested and released on bond a couple of weeks later.

Three months after his release, the police served Travis with a federal arrest warrant at his house relating to the September 25 incident. When the officers

arrived they found multiple crack pipes, a bag of what appeared to be crack cocaine, and Travis "getting high." The officers also found a 9mm pistol loaded with 7 rounds of ammunition and another box of ammunition containing 12 rounds. Apparently the gun in his house was used for home protection, and he admitted that the two loaded firearms that were in his car were used as protection when he made drug purchases.

Travis was indicted on four counts: (1) possession of at least five grams of cocaine base; (2) possession of a firearm in furtherance of a drug trafficking offense; (3) possession of a firearm by a convicted felon; and (4) possession of cocaine base with the intent to distribute. Travis entered a guilty plea to the third count, possession of a firearm by a convicted felon, and was convicted of that crime.

Travis' base offense level under the sentencing guidelines was 20. However, he received a 4-level enhancement for possessing a firearm in connection with a felony offense and a 3-level reduction for acceptance of responsibility, for a total offense level of 21. Travis also had an extensive criminal history, which included: six convictions for theft by shoplifting; one conviction for forgery in the first degree; four convictions for possession of cocaine; one conviction for burglary; one conviction for theft by taking; four

3

convictions for entering an automobile; one conviction for battery; one conviction for simple assault; one conviction for aggravated assault; and one conviction for possession of a firearm by a convicted felon. This gave Travis 24 criminal history points, which resulted in a criminal history category of VI. Accordingly, the recommended range under the guidelines was 77 to 97 months imprisonment.

Travis argued for a below-the-guidelines sentence. He explained that he had a life-long drug addiction and that his criminal history consisted primarily of "petty offenses to support that drug habit." Additionally, he explained that his mother was very ill. The government argued for an upward variance based on his extensive criminal history and the apparent escalation in his criminal violence.

Travis concedes that, when imposing the sentence, "the District Court considered the factors enumerated in 18 U.S.C. § 3553." The court found that overall, the seriousness of the offense, the need to protect society, and his struggles with his drug addiction warranted a 96 month sentence—a within-the-guidelines-range sentence.

## II.

We review the reasonableness of a sentence for abuse of discretion. United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010). To determine if a sentence is substantively unreasonable, "we must, as the Supreme Court has instructed us,

consider the totality of the facts and circumstances." United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010). "[O]rdinarily we . . . expect a sentence within the Guidelines range to be reasonable." United States v. Talley, 431 F.3d 784, 788 (11th Cir.2005). We will vacate a sentence for substantive unreasonableness "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Irey, 612 F.3d at 1190 (quotation marks omitted). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." Tome, 611 F.3d at 1378.

The totality of the circumstances show that Travis' 96-month sentence was reasonable. The sentence was within the range recommended by the guidelines, takes into account Travis' extensive criminal history, his history of drug abuse, that he was arrested with 8.55 grams of crack cocaine and two loaded firearms, and that when he was served with the arrest warrant he had more crack cocaine, firearms, and ammunition.

**AFFIRMED.**