[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2012
JOHN LEY
CLERK

No. 10-15828
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-00133-JRH-WLB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFONSO ALVEREZ BANDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 11, 2012)

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Alfonso Banda appeals his 235-month sentence after being found guilty for one count of possession with intent to distribute not less than 500 grams of a mixture of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  On appeal, Banda argues the district court failed to properly consider his age and infirmities at sentencing, as his sentence essentially equates to life without parole.  After review, we affirm Banda's sentence.[1]

Banda does not meet his burden of demonstrating his sentence was unreasonable in light of the record and the § 3553(a) factors.  The district court explicitly mentioned its consideration of Banda's age, along with the § 3553(a) factors, the statements of the parties, and the PSI.  *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) ("[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient.").  Further, the weight to be given to Banda's age was within the district court's discretion.  *See United States v. Langston*, 590 F.3d 1226, 1237 (11th Cir. 2009).  Finally, the court's sentence of 235 months represented the lowest end of the applicable guideline range, and we ordinarily expect such a sentence to be reasonable.  *See Talley*, 431 F.3d at 787-88.  Banda was caught with nearly 2

---

[1]  We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 128 S. Ct. 586, 591 (2007).  "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir.), *cert. denied*, 131 S. Ct. 674 (2010).

pounds of methamphetamine; his 235-month sentence is procedurally and substantively reasonable.

**AFFIRMED**.