[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15337
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cr-00013-WTH-PRL-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY VIKEY OMAR PRICE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 18 2016)

Before TJOFLAT, JILL PRYOR, and EDMONDSON, Circuit Judges.

PER CURIAM:

Anthony Price appeals his conviction and his 262-month below-guideline sentence. A jury convicted Price of aiding and abetting an attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), b(1)(A) and 18 U.S.C. § 2. No reversible error has been shown; we affirm.

I.

Price first argues that insufficient evidence exists to support his conviction. We review de novo the sufficiency of the evidence to sustain a conviction, viewing the evidence "in the light most favorable to the government" and "resolving all reasonable inferences in favor of the verdict." United States v. Farley, 607 F.3d 1294, 1333 (11th Cir. 2010). "We will not reverse unless no reasonable trier of fact could find guilt beyond a reasonable doubt." Id. "[W]e assume that the jury made all credibility choices in support of the verdict." United States v. Jiminez, 564 F.3d 1280, 1285 (11th Cir. 2009).

To sustain a conviction under an aiding and abetting theory, "the prosecution must show that 'the defendant associated himself with a criminal venture,

2

participated in it as something he wished to bring about, and sought by his actions to make it succeed." United States v. Pantoja-Soto, 739 F.2d 1520, 1525 (11th Cir. 1984). The government may satisfy its burden through circumstantial evidence. Id.

Sufficient evidence exists to support Price's conviction. Testimony at trial -- when viewed in the light most favorable to the government -- demonstrated that Price negotiated to purchase five kilograms of cocaine from Delvon Williams, provided Williams with over $100,000 in cash to buy the cocaine from Josias Reyes, and followed Williams to two meeting spots as Williams attempted to complete the drug purchase. This evidence was sufficient to show Price's intent to possess and distribute cocaine and, thus, his association with a criminal venture. See United States v. Madera-Madera, 333 F.3d 1228, 1233 (11th Cir. 2003) (a defendant's intent to distribute can be inferred from his possession of a large quantity of drugs). The evidence also demonstrates that Price took affirmative steps to make the purchase succeed. On this record, we cannot say that "no reasonable trier of fact could find guilt beyond a reasonable doubt."

II.

We next address Price's argument that the district court erred in denying him a mistrial. Because the district court "is in the best position to evaluate the prejudicial effect of a statement or evidence on the jury," we review the district court's denial of a mistrial only for abuse of discretion. United States v. Newsome, 475 F.3d 1221, 1227 (11th Cir. 2007). A mistrial is warranted when "the defendant's substantial rights are prejudicially affected." Id. "This occurs when there is a reasonable probability that, but for the remarks, the outcome of the trial would have been different." Id. "We make this determination in the context of the entire trial and in light of any curative instruction." Id.

Price first moved for a mistrial based on remarks made during the government's opening statement. Price contends that, by commenting about Price's expected theory of defense, the government shifted improperly the burden of proof onto Price. Nothing evidences that the government's opening statement prejudiced Price's substantial rights. First, the district court twice instructed the jury that the government had the burden of proving Price's guilt beyond a reasonable doubt. We presume that the jurors obeyed the court's instructions. See United States v. Stone, 9 F.3d 934, 938 (11th Cir. 1993). Further, after

4

commenting on Price's theory of defense, the government reminded the jury expressly that the government bore the burden of proof.

Price also moved for a mistrial after the government displayed mistakenly an unredacted list of Price's convictions during its closing argument. The district court denied the motion, concluding that the document was unmagnified and would have been difficult for the jurors to read. Price does not dispute the district court's factual determination that the improperly-displayed document was illegible. Price has failed to show that he was unduly prejudiced; the district court abused no discretion in denying Price's motions for a mistrial.

### III.

Price next challenges three of the district court's evidentiary rulings. We review a district court's evidentiary rulings under an abuse-of-discretion standard. United States v. Eckhardt, 466 F.3d 938, 946 (11th Cir. 2006).

First, the district court abused no discretion in admitting two recorded conversations between Williams and Reyes. For a co-conspirator statement to be admissible under Fed. R. Evid. 801(d)(2)(E), "the government must prove by a preponderance of the evidence that: (1) a conspiracy existed; (2) the conspiracy

5

included the declarant and the defendant against whom the statement is offered; and (3) the statement was made during the course and in furtherance of the conspiracy." United States v. Reeves, 742 F.3d 487, 503 (11th Cir. 2014) (quotations omitted).

The evidence presented at trial was sufficient for the district court to find by a preponderance of the evidence that a conspiracy existed between Price, Williams, and Reyes. Among other things, the evidence demonstrated that Price and Williams attempted to purchase a large quantity of cocaine from Reyes, that Price gave Williams over $100,000 to buy the cocaine, and that Williams agreed to sell Price two kilograms of cocaine on credit. See United States v. Burroughs, 830 F.2d 1574, 1581 (11th Cir. 1987) (affirming a conspiracy conviction when evidence showed that a co-conspirator sold drugs on credit and, thus, that the co-conspirators were not involved in "mere isolated sales"). Price contends that the recorded statements were inadmissible because nothing evidenced that Price was involved in the conspiracy when the March 4 and March 14 conversations took place. This argument is without merit: our law is clear that a co-conspirator's statement "is admissible against a co-conspirator, even one who may have joined the conspiracy after the statement was made." See Reeves, 742 F.3d at 503.

6

Price next contends that the district court erred in admitting evidence of his other drug purchases. For evidence to be admissible under Fed. R. Evid. 404(b), (1) "the evidence must be relevant to an issue other than the defendant's character;" (2) "the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act;" and (3) "the probative value of the evidence must not be substantially outweighed by its undue prejudice." United States v. Delgado, 56 F.3d 1357, 1365 (11th Cir. 1995).

The evidence of Price's earlier drug purchases satisfies each of these elements; the district court abused no discretion. First, evidence of Price's earlier drug purchases was pertinent to prove Price's knowledge and intent, particularly because Price put his intent at issue by pleading not guilty and by presenting a "mere presence" defense. See id.

Second, the evidence presented at trial was sufficient for the jury to find that Price had in fact been involved in other drug purchases. Leonel Ruiz testified that, on five separate occasions, he sold Price one kilogram of cocaine. "[T]he uncorroborated word of an accomplice provides a sufficient basis for concluding that the defendant committed extrinsic acts admissible under Rule 404(b)." United States v. Dickerson, 248 F.3d 1036, 1047 (11th Cir. 2001) (alteration omitted).

7

Here, Ruiz's testimony was further corroborated by phone records, showing repeated calls between Ruiz and Price during the time of the alleged drug sales.

About the third element, evidence of Price's other drug purchases was highly probative given that Price's intent was a central issue in the case, and given the similarities between the charged offense and Price's other drug purchases. And nothing evidences that Price suffered undue prejudice. See Delgado, 56 F.3d at 1366 ("extrinsic drug offenses do not tend to incite a jury to an irrational decision.").

The district court also abused no discretion in refusing to allow testimony to impeach Ruiz's credibility. Because Ruiz had already said on cross-examination that he hoped to receive a lower sentence in exchange for his testimony, Price's proposed witness testimony would have been needlessly cumulative. See Fed. R. Evid. 403.

## IV.

We reject Price's argument that the district court erred in denying his motion for a new trial. Sufficient evidence existed to sustain the jury's guilty verdict. And Price suffered no undue prejudice as a result of the government's opening

statement or closing argument.  Thus, Price has failed to demonstrate that this is an "exceptional case" warranting a new trial.  See United States v. Hernandez, 433 F.3d 1328, 1336-37 (11th Cir. 2005) (because motions for new trial are not favored, "[c]ourts are to grant them sparingly and with caution, doing so only in those really 'exceptional cases.'").

V.

Price contends that his 262-month sentence is substantively unreasonable because it created unwarranted sentencing disparities.  We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard.  Gall v. United States, 128 S.Ct. 586, 597 (2007).  The defendant bears the burden of establishing that his sentence is unreasonable in the light of both the record and the section 3553(a) factors.  See United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

As an initial matter, Price was sentenced well-below his guidelines range of 360 months to life imprisonment.  We ordinarily expect a guidelines sentence to be reasonable.  See id.

Price has also failed to demonstrate that he is similarly situated to his fellow co-conspirators who received lesser sentences.  First, Price was sentenced as a career offender; and nothing evidences that his co-conspirators qualified as career offenders.  In addition, unlike his co-conspirators, Price pleaded not guilty, proceeded to trial, and provided no assistance to the government.  Defendants who cooperate with the government are not similarly situated to those defendants who do not.  United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009).

Price's below-guidelines sentence was within "the range of reasonable sentences dictated by the facts of the case."  United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

AFFIRMED.

10