[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10184
Non-Argument Calendar
_____

D.C. Docket No. 3:10-cr-00053-ACC-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA ANTHONY CHINNI,
a.k.a. Alamin Mohammad Jafar,
a.k.a. Al Amin,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 4, 2016)

Before HULL, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Joshua Chinni appeals his 21-month term of imprisonment as substantively unreasonable. This sentence was imposed upon revocation of Chinni's supervised release. After a careful review of the parties' briefs and the record, we affirm.

Chinni pled guilty to mailing, in violation of 18 U.S.C. § 1038(a)(1), a letter to a federal courthouse stating that the letter envelope contained anthrax. Chinni was sentenced to 24 months' imprisonment, followed by three years of supervised release. The probation office petitioned for revocation of Chinni's supervised release in 2013, citing five violations including two positive drug tests (of which Chinni admitted to). At that time, the district court permitted Chinni to remain on supervision. However, only ten months later he was arrested and the probation office filed another petition for revocation, this time citing 11 violations (10 of which Chinni admitted to). The United States Sentencing Guidelines' recommended range for these violations was 21 to 27 months' imprisonment. The statutory maximum however was 24 months, so Chinni's guideline range became 21 to 24 months' imprisonment. The district court revoked Chinni's release and sentenced him to 21 months imprisonment.

Chinni now argues that his 21-month sentence is substantively unreasonable.[1]  The party who challenges the sentence bears the burden of showing that the sentence is "unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors."  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2008). The district court may, after finding a violation of a defendant's supervised release conditions and considering certain factors in § 3553(a), "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision," albeit subject to the listed maximums.  18 U.S.C. § 3583(e)(3).

To determine if a sentence is substantively unreasonable, we must consider the "totality of the circumstances."  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 585, 597 (2007).  We will reverse only if left with the "definite and firm conviction" that the district court committed a clear error of judgment in weighing the [relevant] § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted). Furthermore, although a sentence within the guideline range is not automatically

---

[1] Both parties' briefs suggest applying a plain-error standard of review to Chinni's argument that his sentence is substantively unreasonable.  However, our precedent is unclear on this issue. Because Chinni's arguments fail regardless of the standard of review, we need not decide the correct standard is in this case.

presumed to be reasonable, it is generally expected to be so. *United States v. Docampo*, 573 F.3d 1093, 1101 (11th Cir. 2009) (quoting *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam)).

Chinni fails to demonstrate that his 21-month sentence is substantively unreasonable. Chinni repeatedly violated the terms of his supervised release, despite the fact that the district court gave him a second chance after the probation office's first petition for revocation. And the mitigating facts he cites, such as his newfound stability after a reunion with his father and alleged drug-free year, are undercut by his 15-month absconding from probation. His lengthy criminal history (including violent offenses) and continued disregard for the law justify his sentence. Finally, although Chinni asserts that the district court should have given additional weight to his individual characteristics, the court acknowledged Chinni's situation by sentencing him at the low end of the guidelines range and below the statutory maximum. *See Docampo*, 573 F.3d at 1101. Based on this record, we cannot conclude that the district court erred in sentencing Chinni to 21 months' imprisonment.

**AFFIRMED.**