[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13255
Non-Argument Calendar

_____

D.C. Docket No. 2:17-cr-00037-RWS-JCF-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRYL SCOTT SEESE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 9, 2020)

Before JORDAN, NEWSOM, and TJOFLAT, Circuit Judges.

PER CURIAM:

Terryl Seese, a federal prisoner, appeals his sentence of 24 months'

imprisonment pursuant to a guilty plea for a violation of 18 U.S.C. § 922(g)(1),

possession of a firearm by a convicted felon.  Seese's sole argument on appeal is

that the sentence imposed was substantively unreasonable.  Seese contends that the District Court did not fully and appropriately consider the sentencing factors described in 18 U.S.C. § 3553(a) and gave excessive weight to Seese's criminal history in deciding his sentence.  For the following reasons, we reject Seese's argument and affirm the sentence imposed by the District Court.

I.

We review the reasonableness of a sentence under the deferential abuse of discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  In reviewing a sentence for unreasonableness, we consider whether the district court abused its discretion in concluding that the sentencing factors found in 18 U.S.C. § 3553(a) support the sentence.  *Id.*[1]  The weight given to any specific § 3553(a) factor is left to the district court's sound judgment. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  A district court abuses its discretion by (1) failing to consider relevant factors that were due significant weight; (2) giving an improper or irrelevant factor substantial weight; or (3) committing a clear error of judgment by balancing proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  In addition,

---

[1] Under § 3553(a)(2), the district court must impose a sentence that is sufficient, but not greater than necessary, to: (1) reflect the seriousness of the offense, (2) promote respect for the law, (3) provide just punishment for the offense, (4) deter criminal conduct, and (5) protect the public from the defendant's future criminal conduct.  The court must also consider the criminal history and characteristics of the defendant, and endeavor to avoid sentencing disparities between similarly situated defendants.  § 3553(a)(1), (6).

the district court has wide discretion to decide whether the § 3553(a) factors justify a variance from the defendant's guideline sentencing range. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010).

Here, the District Court did not abuse its discretion by imposing a sentence of 24 months' imprisonment. Rather, the Court appropriately used its discretion by choosing to give increased weight to Seese's extended criminal history, focusing on the fact that he had two previous convictions for the same offense. *Clay*, 483 F.3d at 743. Seese argues that the Court gave inadequate weight to mitigating factors such as his history of abuse and neglect, his personal rehabilitation post-offense via sobriety and steady employment, and the fact that many of his previous convictions were related to his alcoholism and "not as bad as they appeared." The record indicates that the District Court did consider these facts. The District Court noted that, despite the guidelines range being 46-57 months, the Court was "required to take into account other factors, including the nature and circumstances of the offense." The Court explained that Seese's efforts and successes in rehabilitation and "getting [his] life in order" "weigh in [his] favor." The Court's downward variation from the low end of Seese's guidelines range reflected the Court's recognition of these mitigating factors. On the other hand, the District Court considered the importance of imposing a sentence that would be commensurate with the "respect that's due the law" and the goal of deterring others

from committing the same offense.  The District Court ultimately found that 24 months was a sentence necessary for "the law [to] have meaning" and for "consequences [to] have meaning," given Seese's history of repeatedly committing the same offense.

Section 3553(a)(4) also requires the District Court to consider the defendant's guidelines sentencing range.  In assessing substantive reasonableness, we typically expect a sentence within the guidelines range to be a reasonable sentence.  *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).  Seese's guidelines range was 46-57 months.  The imposed sentence of 24 months was significantly below this range, cutting against Seese's argument that his sentence was unreasonably high.  The sentence was also well below the statutory maximum of 120 months' imprisonment, 18 U.S.C. § 924(a)(2), which is another indication of its reasonableness.  *United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014).

Because the District Court appropriately considered and weighed the relevant sentencing factors in reaching a sentence that was well below the guidelines range and the statutory maximum, we hold that the District Court did not abuse its discretion in imposing a sentence of 24 months for Seese's offense.

## II.

In sum, we find no error in the District Court's imposition of sentence and affirm.

**AFFIRMED.**