[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 12, 2009
THOMAS K. KAHN
CLERK

No. 08-15685
Non-Argument Calendar

_____

D. C. Docket No. 08-20516-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEEBLE LLOYD MALCOLM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 12, 2009)

Before DUBINA, CARNES and FAY, Circuit Judges.

PER CURIAM:

Keeble Lloyd Malcolm appeals his 46–month sentence for illegally

reentering the United States after deportation, in violation of 8 U.S.C. § 1326(a). Malcolm contends that his sentence is procedurally and substantively unreasonable.

We review the sentence imposed by the district court for reasonableness. United States v. Williams, 526 F.3d 1312, 1321 (11th Cir. 2008). The Supreme Court has clarified that the reasonableness standard means review for abuse of discretion. Gall v. United States, 552 U.S. __, __, 128 S. Ct. 586, 597 (2007). "[T]he burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence." Williams, 526 F.3d at 1322.

A sentence may be procedurally unreasonable if the district court failed to calculate or incorrectly calculated the guidelines, treated the guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the chosen sentence. Gall, 128 S. Ct. at 597. The district court is not, however, required to discuss explicitly its consideration of each of the § 3553(a) factors on the record. Instead, we ask whether the district court has "considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." United States v. Pugh, 515 F.3d 1179, 1191 n.8 (11th Cir. 2008); see also Rita v. United

2

States, 551 U.S. __, 127 S. Ct. 2456, 2468 (2007).

We consider "the substantive reasonableness of the sentence" under the totality of the circumstances. Gall, 128 S. Ct. at 597. A sentence is substantively unreasonable if it is not supported by the § 3553(a) factors. Id. at 600. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." Williams, 526 F.3d at 1323 (quotation omitted). Further, we "expect a sentence within the Guidelines to be reasonable." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Here the district court's sentence is both procedurally and substantively reasonable. No one disputes that the district court correctly calculated Malcolm's guideline sentence range at 46–57 months. The district court did not treat the guidelines as mandatory. In determining Malcolm's sentence, the district court properly considered Malcolm's background, which included a criminal history of drug offenses (most recently conspiracy to distribute over 1000 kilograms of marijuana), in relation to the "relatively minor nature of [his illegal re-entry] offense." The district court demonstrated a "reasonable basis" for Malcolm's sentence.

The district court further stated that it had considered the § 3553(a) factors but did not believe that a downward variance was appropriate in this case. Instead,

the district court concluded that "the total picture of [Malcolm's] background" justified a sentence at the low-end of the guidelines range. The district court's 46–month sentence is reasonable.

**AFFIRMED.**