[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16627
Non-Argument Calendar

_____

D. C. Docket No. 08-60193-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER RAMOS-TIRSO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 7, 2009)

Before TJOFLAT, BLACK and KRAVITCH, Circuit Judges.

PER CURIAM:

Javier Ramos-Tirso pled guilty in the district court to illegal re-entry into the United States after deportation and removal, in violation of 8 U.S.C. § 1326(a) and (b)(2), and the court sentenced him to a prison term of 46 months. He now appeals his sentence, arguing that it is substantively unreasonable because a downward variance from the Guidelines sentence range of 46 to 57 months would have been sufficient to serve the purposes of sentencing, given the nature of his offense and his family circumstances.

We review a sentence imposed by the district court for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). Reasonableness review requires the application of an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, __, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007). We

> must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence-including an explanation for any deviation from the Guidelines range.

Id. at __, 128 S.Ct. at 597. If, as in this case, the district court's sentencing decision is procedurally reasonable, our analysis turns to the substantive reasonableness of the sentence. Id.

"In reviewing the ultimate sentence imposed by the district court for

2

reasonableness, we consider the final sentence, in its entirety, in light of the 3553(a) factors." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006). "We may find that a district court has abused its considerable discretion if it has weighed the factors in a manner that demonstrably yields an unreasonable sentence." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). "In this Circuit, this Court presumes that a sentence within the guidelines [sentence] range is reasonable, but the presumption may be rebutted by the circumstances of a particular case viewed in light of the § 3553(a) factors." United States v. Sarras, No. 08-11757, manuscript op. at 57 (11th Cir. June 16, 2009). The expectation of reasonableness ordinarily accorded to a sentence imposed within the sentence range is tantamount to a rebuttable presumption of reasonableness. Id. at 55-56. Moreover, we have held that comparing the sentence imposed against the statutory maximum sentence is one indication of reasonableness. United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006).

Pursuant to § 3553(a), the sentencing court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," namely to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the

3

defendant with needed educational or vocational training or medical care.  See 18

U.S.C. § 3553(a)(2).  The court must also consider the following factors in

determining a particular sentence: the nature and circumstances of the offense and

the history and characteristics of the defendant, the kinds of sentences available,

the sentencing guidelines range, the pertinent policy statements of the Sentencing

Commission, the need to avoid unwanted sentencing disparities, and the need to

provide restitution to victims.  See 18 U.S.C. § 3553(a)(1), (3)-(7).

Ramos-Tirso has not carried his burden of establishing that his sentence of

46 months, which was at the low-end of the Guidelines sentence range and well

below the statutory maximum of 20 years' imprisonment, was substantively

unreasonable.  The record shows that the district court considered his arguments

for a downward variance and had a reasoned basis for determining that a sentence

at the low-end sentence range was sufficient, but not greater than necessary, to

provide deterrence and just punishment.

AFFIRMED.