[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 1, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11027
Non-Argument Calendar

_____

D. C. Docket No. 08-20931-CR-MGC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN CARLOS PALACIOS GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 1, 2009)

Before EDMONDSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Juan Carlos Palacios Gonzalez appeals his 57-month sentence following his guilty plea to one count of importation of 100 grams or more of heroin, in violation of 21 U.S.C. § 952(a), and one count of possession with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 841(a)(1). On appeal, Palacios Gonzalez argues (1) the district court erred by denying him a minor-role reduction pursuant to U.S.S.G. § 3B1.2 and (2) his sentence was substantively unreasonable in light of the factors enumerated in 18 U.S.C. § 3553(a).

**I.**

Palacios Gonzalez argues the district court erred when it denied him a minor-role reduction pursuant to U.S.S.G. § 3B1.2.

A district court's determination of a defendant's role in an offense is a finding of fact we review only for clear error. *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The proponent of a downward adjustment always bears the burden of proving a mitigating role in the offense by a preponderance of the evidence. *Id.* at 939. The district court must assess whether the defendant is a minor participant only in relation to the relevant conduct attributed to the defendant; a defendant's role in an offense may not be determined on the basis of criminal conduct for which the defendant was not held accountable at sentencing. *Id.* at 940-41. The district court may also determine a defendant's

role as compared to other participants in the relevant criminal conduct, but it may only consider other participants who are discernable from the evidence and who were involved in the relevant conduct attributed to the defendant. *Id.* at 944.

Palacios Gonzalez was held accountable only for his own conduct. He offered no testimony or other evidence to support a minor-role reduction, and the roles of others allegedly involved in the drug trafficking enterprise are unclear. Accordingly, the district court did not commit clear error when it found that Palacios Gonzalez was not entitled to a minor-role reduction.

**II.**

Palacios Gonzalez next argues his 57-month sentence was substantively unreasonable and the relevant sentencing factors at 18 U.S.C. § 3553(a) militate in favor of a shorter prison term.

We review a defendant's sentence for reasonableness under a deferential abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 594 (2007); *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotation omitted).

Palacios Gonzalez's 57-month sentence was the lowest specified sentence

within the applicable guideline range, and it is entitled to the ordinary expectation of reasonableness. *See Talley*, 431 F.3d at 788 ("[W]hen the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one."). Moreover, the record demonstrates that the district court considered Palacios Gonzalez's individual characteristics in light of the factors enumerated in § 3553. After considering his objections and arguments, the court determined the guideline sentence was appropriate and reasonable. Thus, the district court did not abuse its discretion in determining that the objectives of § 3553 were best served by the lowest sentence within the advisory guideline range.

**AFFIRMED.**