[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 2, 2009
THOMAS K. KAHN
CLERK

No. 08-15773
Non-Argument Calendar
_____

D. C. Docket No. 08-00221-CR-T-23-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE RICARDO LERMA SINISTERRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 2, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Jose Ricardo Lerma Sinisterra appeals his 135-month sentence imposed after he pleaded guilty to (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70506(b) and 21 U.S.C. § 960(b)(1)(B)(ii); and (2) possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii). No reversible error has been shown; we affirm.

Sinisterra was apprehended while aboard a vessel carrying 57 bales (1140 kilograms) of cocaine. Also aboard the vessel were seven other crew members, one of whom identified himself as the captain. With the possible exception of the captain, all crew members were simple laborers, played essentially the same role in the endeavor, and were of equal culpability. Sinisterra characterizes himself as a "rank and file" crew member who played no role in organizing the boat trip and had no ownership interest in the vessel. He contends that he was less culpable than other persons -- persons not aboard the boat when it was interdicted by the Coast Guard -- who had an ownership interest in the drugs or vessel or a more direct

2

relationship with drug cartel representatives.

Sinisterra asserts that the sentence imposed is procedurally unreasonable because no minor role reduction adjustment was granted pursuant to U.S.S.G. §§ 3B1.2 and 2D1.1(a)(3); he asserts that the sentence is substantively unreasonable because it failed to take into account his personal history and characteristics, as required by 18 U.S.C. § 3553(a)(1).

To craft a reasonable sentence, a district court must first calculate correctly the guideline range and must next consider the factors listed in 18 U.S.C. § 3553(a). United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). If no procedural infirmity is shown, the substantive reasonableness of a sentence is reviewed under a deferential abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). We review a district court's assessment of a defendant's role in the offense for clear error, United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999); and the district court enjoys "considerable discretion in making this fact-intensive determination." Id. at 946. The defendant bears the burden of establishing his role by a preponderance of the evidence. Id. at 939.

In De Varon, we set out two elements that are to inform the sentencing court's role-in-an-offense determination: (1) the defendant's role in the relevant conduct for which he has been held accountable, and (2) the defendant's role as

3

compared to that of other participants in this relevant conduct. Id. at 940. About the first element, De Varon explains that "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable -- not a minor role in any larger criminal conspiracy -- should the district court grant a downward adjustment for minor role in the offense." Id. at 944. About the second element, De Varon counsels that this relative culpability includes "only those participants who were involved in the relevant conduct attributed to the defendant. The conduct of participants in any larger criminal conspiracy is irrelevant." Id. The first element is the more important and, in many cases, may end the inquiry. See id. at 945.

Sinisterra failed to carry his burden in support of a role reduction; no clear error has been shown. Sinisterra's sentence was based only on the relevant conduct for which he was held accountable: the 57 bales of cocaine seized from the drug smuggling boat. And the district court pointed correctly to this large drug quantity in denying Sinisterra a minor role reduction. See id. at 943 (noting that, in the drug courier context, the amount of drugs is a "material consideration" in assessing a defendant's role in his relevant conduct). Sinisterra was one of only eight persons on the boat, which was carrying a large cocaine shipment. Sinisterra concedes that his role was similar to that of the other crew members except for the

4

captain; he fails to show that he was "less culpable than *most other participants* in [his] relevant conduct." Id. at 944 (emphasis in original). The district court committed no procedural error in calculating Sinisterra's guidelines range.

Sinesterra's claim of substantive unreasonableness also is without merit. According to Sinesterra, the district court failed to consider adequately his personal history and characteristics. But Sinesterra's within-guidelines sentence of 135 months is at the low end of the 135 to 168 month guidelines range. We presume a within guidelines sentence is reasonable, subject to rebuttal by the circumstances of a particular case considered in the light of the section 3553(a) factors. See United States v. Sarras, --- F.3d ---, 2009 WL 1661152, *24 (11th Cir. June 16, 2009). The sentencing court stated expressly that it had considered the section 3553(a) factors in crafting a sentence that was sufficient but not greater than necessary to satisfy the statutory purposes of sentencing. The seriousness of the offense, the danger involved to the perpetrators and law enforcement personnel, and the sentences meted out to others in similar cases were cited in support of the district court's decision. Sinesterra fails to rebut the presumption of reasonableness. The sentence imposed -- at the low end of the guidelines range and well below the statutory maximum of life imprisonment -- was substantively reasonable.

AFFIRMED.