[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13095
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 20, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 09-00045-CR-T-26-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE FELIX BONILLA-ORTIZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 20, 2010)

Before BLACK, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Felix Bonilla-Ortiz appeals his 135-month sentence following his guilty plea to conspiracy to possess with intent to distribute, and aiding and abetting in the possession with intent to distribute, 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § § 70503(a), 70506(a) and (b), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2. On appeal, Bonilla-Ortiz argues: (1) the district court erred by denying him a minor-role reduction under U.S.S.G. § 3B1.2(b), and (2) his sentence was substantively unreasonable. After review, we affirm.

I.

On appeal, Bonilla-Ortiz argues the district court clearly erred by failing to grant a minor-role reduction pursuant to U.S.S.G. § 3B1.2(b). Specifically, Bonilla-Ortiz contends he warrants a minor-role reduction because: (1) drug quantity alone should not be determinative of his role, (2) his role was limited to that of a crew member on the vessel, (3) he had no role in organizing the transport or distribution of the drugs, and (4) there was no evidence as to the amount of money he was to be paid and he only had $800 in his possession when arrested.

"[A] district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error." *United States v. De Varon*, 175 F.3d 930, 937 (11th Cir. 1999) (*en banc*). The defendant, as the proponent of

the downward adjustment, bears the burden of proving the mitigating role in the offense by a preponderance of the evidence. *Id.* at 939. A district court enjoys "considerable discretion in making this fact-intensive determination." *Id.* at 946.

The Sentencing Guidelines permit a court to decrease a defendant's offense level by two levels if it finds the defendant was a "minor participant" in the criminal activity. U.S.S.G § 3B1.2(b). A minor participant is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5). In determining whether a minor-role reduction is warranted, a district court "should be informed by two principles discerned from the Guidelines." *De Varon*, 175 F.3d at 940. First, "the district court must measure the defendant's role against the relevant conduct for which [he] has been held accountable at sentencing." *Id.* at 945. If the defendant's relevant conduct is the same as his actual conduct, he "cannot prove that [he] is entitled to a minor role adjustment simply by pointing to some broader criminal scheme in which [he] was a minor participant but for which [he] was not held accountable." *Id.* at 941. We have held "that in many cases this method of analysis will be dispositive." *Id.* at 945.

Furthermore, while a drug courier who is held accountable only for the quantity of drugs he personally transported is not precluded from consideration for

3

a minor-role reduction, *see* U.S.S.G. § 3B1.2, comment. (n.3(A)), the district court still "may legitimately conclude that the courier played an important or essential role in the importation of those drugs," *De Varon*, 175 F.3d at 942-43. Also, the drug quantity for which the courier is responsible is a "material consideration," and, in "extreme cases," the drug quantity alone may be dispositive. *Id.* at 943.

Under the second prong, "the district court may also measure the defendant's role against the other participants, to the extent that they are discernable, in that relevant conduct," but "the conduct of participants in any larger criminal conspiracy is irrelevant." *Id.* at 944-45. A defendant, however, "is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable than the other discernable participants. Rather, the district court must determine that the defendant was less culpable than *most other participants* in [the] relevant conduct." *Id.* at 944 (emphasis in original).

Bonilla-Ortiz's claim fails under the first prong because the relevant conduct for which he was held accountable, conspiring to possess 6,801 kilograms of cocaine, was identical to his actual conduct in the offense. Additionally, most of the factors raised by Bonilla-Ortiz in support of a minor-role reduction contemplate his role in the broader conspiracy, not the relevant conduct upon which he and the other crewmen were convicted. While Bonilla-Ortiz may have been a minor

participant in the overall drug smuggling operation, he cannot use that status to justify a minor-role reduction in his sentence for the smaller conspiracy in which he personally participated. *See De Varon*, 15 F.3d at 941. Bonilla-Ortiz's claim also fails under the second prong because the record shows Bonilla-Ortiz was not less culpable than the other crew members who transported the drugs. Rather, the record shows that, other than the captain, the co-conspirators had roles similar to Bonilla-Ortiz, namely as crew members on the transport vessel. Accordingly, the district court did not clearly err in denying Bonilla-Oritz a minor-role reduction.

II.

Bonilla-Ortiz also contends his 135-month sentence is substantively unreasonable in light of *United States v. Booker*, 125 S. Ct. 738 (2005), and the sentencing factors in 18 U.S.C. § 3553(a).

We review the sentence imposed by the district court for reasonableness. *United States v. Talley*, 431 F.3d 784, 785 (11th Cir. 2005). When reviewing for reasonableness, courts of appeal are to apply the deferential abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 594 (2007).

When reviewing a sentence, we must first determine that the "district court committed no significant procedural error." *Id.* at 597. If the district court's decision is procedurally reasonable, our analysis then turns to the substantive

5

reasonableness of the sentence. *Id*. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *Talley*, 431 F.3d at 788. "Review for reasonableness is deferential," and the relevant inquiry is "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *Id.*

Although the weight accorded to the § 3553(a) factors is left to the district court's discretion, "[a] district court's unjustified reliance on any one Section 3553(a) factor may be a symptom of an unreasonable sentence." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). Another relevant factor in assessing reasonableness is the relationship between the defendant's sentence and the applicable statutory maximum. *See United States v. Valnor*, 451 F.3d 744, 751-52 (11th Cir. 2006). Ordinarily, we expect a sentence within the guideline range to be reasonable. *Talley*, 431 F.3d at 788.

We conclude Bonilla-Ortiz's 135-month sentence is both procedurally and substantively reasonable. Apart from the district court's refusal to give a minor-role reduction, Bonilla-Ortiz does not challenge the procedures used by the district court to determine his sentence. As discussed above, the district court did not err in denying the minor-role reduction, and a review of the record reveals the district

6

court did not commit any procedural errors with respect to Bonilla-Ortiz's sentence. With regard to substantive reasonableness, Bonilla-Ortiz's sentence is at the low end of the advisory guideline range, well below the statutory maximum of life imprisonment, and supported by the § 3553(a) factors. *See Talley*, 431 F.3d at 788; *Valnor*, 451 F.3d at 751-52. Accordingly, because Bonilla-Ortiz's sentence did not fall outside of the range of reasonable sentences from which the district court could permissibly choose, we affirm.

**AFFIRMED.**