[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 29, 2010
JOHN LEY
CLERK

No. 10-11608
Non-Argument Calendar

_____

D.C. Docket No. 9:09-cr-80144-DMM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVROOD LEANSTER REID,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 29, 2010)

Before TJOFLAT, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

Evrood Reid appeals his 57-month sentence after pleading guilty to

unlawfully re-entering the United States after having previously been deported

following the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). Reid and Delmar James paid Sterling Christie to smuggle them in to the United States by boat from the Bahamas. All three were apprehended at the time of entry. James was not charged with an offense, but was administratively deported. Christie, who had no criminal history, ultimately pled guilty to alien smuggling and received a guideline-sentence of 10 months' imprisonment. Reid received a 57-month sentence, which, due in large part to three prior drug-trafficking convictions, represented the low-end of his guideline range. On appeal, Reid argues that his sentence was substantively unreasonable, because it resulted in an unwarranted sentencing disparity in light of the sentences imposed on Christie and James.

We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). One factor that the district court must consider is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

In this case, the district court properly considered and rejected Reid's sentencing-disparity argument. Reid's argument incorrectly assumes that he is "similarly situated" to both James and Christie. See United States v. Spoerke, 568 F.3d 1236, 1252 (11th Cir. 2009). But James is not a "valid comparator for § 3553(a)(6) purposes" because he was never charged with an offense, let alone "found guilty of similar conduct." United States v. Martin, 455 F.3d 1227, 1241 (11th Cir. 2006). And Reid and Christie plainly do not have "similar records." Reid has three prior drug-trafficking convictions and has previously been deported; Christie, on the other hand, has no criminal history at all. Thus, even if, as Reid argues, the government was lenient with James and Christie, the government's alleged failure to afford Reid similar leniency did not result in an unwarranted sentencing disparity. Accordingly, we affirm Reid's sentence.

**AFFIRMED.**