[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 13, 2011
JOHN LEY
CLERK

_____

No. 09-16488
Non-Argument Calendar

_____

D. C. Docket No. 08-00315-CR-25-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY LEE BUTLER,
a.k.a. Short,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 13, 2011)

Before BLACK, HULL and WILSON, Circuit Judges.

PER CURIAM:

After pleading guilty, Anthony Lee Butler appeals his 92-month sentence for two counts of unlawful use of a communication facility to facilitate drug trafficking crimes, in violation of 21 U.S.C. § 843(b). After review, we affirm.

## I. BACKGROUND FACTS

### A. Indictment and Plea Agreement

Following an extensive undercover investigation into a large drug distribution network in the Savannah area, Butler was charged with 43 codefendants in a 166-count indictment. The indictment charged Butler with one count of conspiracy to possess with intent to distribute cocaine, cocaine base and marijuana (Count 1) and four counts of using a telephone to facilitate the drug trafficking conspiracy charged in Count 1 (Counts 37, 54, 57 and 59).

Pursuant to a written plea agreement, Butler pled guilty to Counts 54 and 57, namely using a telephone on April 18, 2008 at 7:47 a.m. and 1:15 p.m. to facilitate the drug trafficking conspiracy. At the plea hearing, the government proffered the factual basis for the two counts as two wiretapped telephone calls in which Defendant Butler called a codefendant, Telly Petty, and ordered a total of 5 ounces of powder cocaine, which Butler intended to sell to someone else.

### B. Presentence Investigation Report

The Presentence Investigation Report ("PSI") recommended an offense level

2

of 28, pursuant to U.S.S.G. § 2D1.1(c)(6), because the offense involved at least 2 kilograms, but less than 3.5 kilograms of powder cocaine. According to the PSI, in an interview with law enforcement, codefendant Petty identified Butler as one of the members of the drug trafficking conspiracy and reported that Butler purchased between 5 and 6 ounces of powder cocaine approximately 15 to 20 times. Thus, the PSI held Butler accountable for 15 purchases of 5 ounces, or 2.13 kilograms, of powder cocaine. After a three-level reduction for acceptance of responsibility, the PSI recommended a total offense level of 25.

The PSI designated Butler a career offender based on two prior felony drug trafficking convictions, which gave Butler a criminal history category of VI and yielded an advisory guidelines range of 110 to 137 months' imprisonment. However, because the statutory maximum for each count was four years, pursuant to 21 U.S.C. § 843(d), the PSI stated that Butler's sentencing range could not exceed, and thus became, 96 months. See U.S.S.G. § 5G1.1(a).

In addressing the impact of Butler's plea agreement, the PSI stated that had Butler been found guilty of Count 1 (the conspiracy count), he would have faced: (1) a mandatory minimum ten-year prison term; (2) an advisory guidelines range of 360 months to life imprisonment as a career offender; and (3) a mandatory life

3

sentence if the government had filed a 21 U.S.C. § 851 information based on his prior felony drug convictions.

Butler filed a written objection to the PSI, arguing that he should be held accountable for only the 5 ounces of cocaine discussed in the two wiretapped telephone conversations that were the basis of Counts 54 and 57. Prior to sentencing, Butler and the government entered into an agreement that Butler should be held accountable for less than 2 kilograms of cocaine, which would reduce Butler's base offense level to 26, pursuant to U.S.S.G. § 2D1.1(c)(7).

## C. Sentencing

At sentencing, the district court accepted the parties' drug quantity agreement and confirmed with defense counsel that the agreement resolved Butler's objections to the PSI. The district court calculated a total offense level of 23 and a criminal history category of VI, which resulted in an advisory guidelines range of 92 to 96 months' imprisonment.

Butler personally addressed the court and apologized for his actions. Butler stated that he had worked as an electrician's apprentice since 2004 and had a wife and three children who needed his support. Butler expressed his desire to get a college degree, return to his trade and be a productive member of society.

Butler's counsel pointed out that the guidelines range was advisory and asked the district court to make a "downward departure from the 92 to 96 months." In support of a sentence below the advisory guidelines range, Butler's counsel noted that: (1) Butler was raised by a single mother and first became involved with drugs when his mother died; (2) Butler's last drug offenses, which qualified him as a career offender, occurred ten years ago; (3) Butler had a good employment history as an electrician, as reflected in letters from Butler's employers, and had paid his taxes; (4) Butler paid child support for his first child; (5) Butler's wife worked as a community counselor for the City of Savannah, and she and Butler were raising two children; (6) Butler was involved in the drug trafficking conspiracy for only a limited time and was not a "major player"; and (7) Butler cooperated with the government and accepted responsibility for his actions.

In response, the district court stated that Butler's personal circumstances both hurt and helped him, as follows:

> [O]ne of the things that troubles me in Mr. Butler's case – it helps him and it hurts him – almost all of the defendants that have come before me – there have been a few exceptions in this case – it's the same story line. They either quit school or got kicked out of school before they finished the 9th grade. Most of them never received their GED after that. The ones that did receive their GED after that were because they were incarcerated in another criminal case and given jail sentences, and they got their GED while they were serving those jail sentences. Because of just Mr. Butler's situation – because of poor family support or no family support, you know, long

5

history of drug abuse or alcohol abuse – most of those defendants are limited to minimum-wage-type jobs, and they don't have a good work history at all.

In Mr. Butler's case, he didn't have that. He had a skill, and he was able to make a good wage, and he was able to make a good living and earn a good living without being involved in the drug trade. He also has got a wife who has a good job. She's providing. So we've got a wife that is working and is providing for the family; we've got a defendant who's got a job skill. So I don't – why do you have to go get involved in drugs? Why do you have to go get involved in all these drug transactions unless it's just strictly for the profit motive? Just – I mean, some of these defendants were like, you know, they didn't have anything else in life. They had nothing else in life. That doesn't excuse their conduct, but Mr. Butler doesn't fall into that category.

The district court stressed Butler's criminal background and that Butler had chosen to again "get involved in the narcotics trade in this community." The district court explained that Butler could have faced a much longer sentencing range of 360 months to life and had already received a substantial benefit from the government's agreement to dismiss the drug trafficking conspiracy charge.

The district court stated it had listened to the defendant and his counsel, reviewed the PSI and its addendum, and considered the 18 U.S.C. § 3553(a) factors. The district court found "no reason to depart from the sentence called for by application of the advisory guidelines inasmuch as the facts as found are the kind contemplated by the Sentencing Commission." The court imposed a 48-month sentence on Count 54 and a consecutive 44-month sentence on Count 57,

6

for a total term of 92 months, at the low end of the advisory guidelines range.

Butler filed this appeal.

## II. DISCUSSION

On appeal, Butler argues that the district court abused its discretion in denying his request for a sentence below the advisory guidelines range. Butler effectively argues that his 92-month sentence is substantively unreasonable.[1] See United States v. Irey, 612 F.3d 1160, 1186, 1196 (11th Cir. 2010) (en banc) (explaining that "all sentences, whether within or without the guidelines, are to be reviewed only for reasonableness," and reviewing the district court's downward variance for substantive reasonableness), petition for cert. filed (U.S. Nov. 24, 2010) (No. 10-727).

We review the substantive reasonableness of a sentence for abuse of discretion in light of the totality of the circumstances. Gall v. United States, 552

---

[1] We reject the government's argument that Butler appeals the denial of a request for a downward departure under the Sentencing Guidelines, a claim we lack jurisdiction to review. See United States v. Norris, 452 F.3d 1275, 1282 (11th Cir. 2006) (stating that this Court lacks jurisdiction to review a district court's refusal to grant a downward departure unless the district court incorrectly believed it lack authority do depart). Given the sentencing transcript as a whole, we conclude Butler's request was for a variance based on the § 3553(a) factors, not a downward departure under a specific departure provision of the Sentencing Guidelines. See United States v. Kapordelis, 569 F.3d 1291, 1316 (11th Cir. 2009) (explaining that in determining whether the district court imposed a variance under 18 U.S.C. § 3553(a) or a departure under the guidelines, "we consider whether the district court cited to a specific guideline departure provision and if the court's rationale was based on its determination that the Guidelines were inadequate"), cert. denied, 130 S. Ct. 1315 (2010).

U.S. 38, 51, 128 S. Ct. 586, 597 (2007).[2]  The party challenging the sentence bears

the burden of establishing that the sentence is unreasonable in light of both the

record and the § 3553(a) factors.[3]  United States v. Talley, 431 F.3d 784, 788 (11th

Cir. 2005).  We ordinarily expect a sentence within the advisory guidelines range

will be reasonable.  Id.

Here, Butler has not shown that his 92-month sentence, at the low end of the

advisory guidelines range, was unreasonable.  As part of a large drug trafficking

conspiracy, Butler used a telephone to arrange to purchase cocaine, which he then

intended to sell.  Butler was personally accountable for between 500 grams and 1.9

kilograms of cocaine.  At the time, Butler already had two prior felony convictions

for possession of drugs with intent to distribute, qualifying him as a career

offender.

The district court considered Butler's mitigating circumstances, including

his upbringing, employment history, lack of criminal history for the preceding ten

---

[2]Butler does not challenge the district court's guidelines calculations or raise any other procedural sentencing error.

[3]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

years and limited involvement in the overall conspiracy. However, the district court concluded that these circumstances did not warrant a downward variance, especially in light of the fact that (1) Butler's reasons for participating in the controlled substance offenses appeared to be purely profit-driven, (2) Butler had already avoided a much more severe sentencing range because the government agreed to dismiss the conspiracy count, and (3) the facts placed Butler's sentence within the range contemplated by the guidelines. Under the circumstances, we cannot say the district court's refusal to vary downward from the low end of the advisory guidelines range was an abuse of discretion.

**AFFIRMED.**