[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 17, 2011
JOHN LEY
CLERK

No. 10-12817
Non-Argument Calendar

_____

D.C. Docket No. 5:09-cr-00071-CAR-CWH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLAUDIO LOPEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(February 17, 2011)

Before TJOFLAT, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Claudio Lopez appeals his sentence of 55 months' imprisonment after

pleading guilty to illegally re-entering the United States after having previously

been deported, in violation of 8 U.S.C. § 1326(a). On appeal, Lopez argues that his sentence was unreasonable.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). The party who challenges the sentence must establish that the sentence is unreasonable in the light of both the record and the factors in 18 U.S.C. § 3553(a). United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

In this case, Lopez has not met his burden to show that his sentence, which fell in the middle of the guideline range, was unreasonable. The record belies his argument that the district court failed to consider his arguments in mitigation. Nor does the record support his argument that the court failed to provide a sentencing rationale. Indeed, the district court emphasized Lopez's extensive criminal history, which included numerous drug convictions and placed him in the highest criminal history category. Although the district court relied primarily on this factor, such reliance was not unreasonable given the severity of Lopez's criminal history. The record further belies Lopez's argument that the district court treated the Guidelines as mandatory, rather than advisory. Accordingly, we affirm.

**AFFIRMED.**