[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 14, 2011
JOHN LEY
CLERK

No. 10-12089
Non-Argument Calendar

_____

D.C. Docket No. 8:09-cr-00392-EAK-TGW-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROMAN CASTILLO-CARREON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 14, 2011)

Before TJOFLAT, EDMONDSON and CARNES, Circuit Judges.

PER CURIAM:

Roman Castillo-Carreon appeals his 57-month total sentence for being

found in the United States after having been deported as an aggravated felon, 8

U.S.C. § 1326(a), and for improper entry, 8 U.S.C. § 1325(a).[1] No reversible error

has been shown; we affirm.

On appeal, Castillo argues that his sentence procedurally is unreasonable

because the district court did not explain its refusal to vary downward from the

guidelines range based on Castillo's documented diminished capacity. We review

the procedural reasonableness of a sentence under an abuse of discretion standard.

United States v. Villarreal, 613 F.3d 1344, 1357 (11th Cir. 2010). The party

challenging the sentence bears the burden of establishing that the sentence is

unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Procedural error may exist if the district court improperly calculated the

guidelines, based a sentence on clearly erroneous facts, failed to consider the 18

U.S.C. § 3553(a) factors, or failed to explain adequately the sentence. United

States v. Gall, 128 S.Ct. 586, 597 (2007).

We conclude that Castillo's sentence -- at the bottom of the guidelines range

-- procedurally is reasonable.[2] Castillo argued that his previous brain surgery and

its continuing effects contributed to his commission of the instant offenses and

---

[1]Castillo received a 57-month sentence for being found in the United States after his deportation as an aggravated felon; and he received a 6-month, concurrent sentence for improper entry.

[2]That the advisory guidelines range correctly was calculated and that the sentence was based on unchallenged facts in the presentence investigation report is undisputed.

2

made him less culpable because of his diminished capacity.[3] The district court listened to Castillo's arguments and also listened to the government's arguments for a sentence above the guidelines range based on Castillo's violent criminal history. See United States v. Docampo, 573 F.3d 1091, 1100 (11th Cir. 2009) (explaining that defendant's procedural unreasonableness argument failed when the district court "stated that it had heard and considered [defendant's] arguments").

Contrary to Castillo's appellate assertion, the district court explained why it rejected Castillo's arguments for a sentence below the guidelines range. The district court acknowledged Castillo's neurological problems and that such problems may, in fact, have contributed to the commission of the instant offenses. But the court explained that Castillo's medical issues did not justify his acts, especially given that Castillo knew of his limited capabilities, and noted his long history of violent crimes.[4] The court also noted that Castillo was a danger to himself and the community because he could not control his acts.

---

[3]Castillo earlier had sustained a head injury after he was attacked by three men. After the injury, he suffered seizures, for which he is on medication. Many years after the attack, Castillo underwent surgery for neurocysticercosis (a parasitic infection of the brain), where doctors removed damaged tissue and lesions from Castillo's brain.

[4]This history included convictions for aggravated sexual assault and aggravated battery, possession of a weapon in prison, and battery and criminal mischief.

The court considered the section 3553(a) sentencing factors -- including Castillo's history and characteristics, the need to provide just punishment and protection of the public, and needed medical care -- in responding to, and rejecting, Castillo's arguments and explaining the sentence appropriate for him. See 18 U.S.C. § 3553(a)(1)-(7).  The district court's explanation for sentencing Castillo in the guidelines range was adequate; and Castillo failed to meet his burden of showing that his sentence procedurally is unreasonable.

AFFIRMED.