[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10015
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-14061-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NAT LEON LANE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 25, 2011)

Before WILSON, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Nat Leon Lane appeals his 108-month total sentence, imposed below the

applicable guidelines range, after pleading guilty to one count of transporting

child pornography, in violation of 18 U.S.C. § 2252(a)(1), and one count of

receiving child pornography, in violation of 18 U.S.C. § 2252(a)(2).  Lane argues that the district court erred by applying a five-level enhancement under United States Sentencing Guidelines § 2G2.2(b)(3)(B) (Nov. 2010) for distribution of child pornography "for the receipt, or expectation of receipt, of a thing of value." After careful review of the record and the parties' briefs, we conclude that any error in the calculation of the guideline range in this case would be harmless, and we therefore affirm Lane's sentence.

Lane argues that his mere installation and use of a peer-to-peer file-sharing program is not enough to support a finding that he distributed child pornography obtained through that program in exchange "for the receipt, or expectation of receipt, of a thing of value."  U.S.S.G. § 2G2.2(b)(3)(B).  We review the district court's factual determinations for clear error, but review de novo its interpretation of the guidelines and its application of the guidelines to the facts.  United States v. Zaldivar, 615 F.3d 1346, 1350 (11th Cir. 2010).

After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), district courts must follow a two-step procedure at sentencing.  United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005).  "First, the district court must consult the Guidelines and correctly calculate the range provided by the Guidelines.  Second, the district court must consider [the 18 U.S.C. § 3553(a)] factors to determine a

reasonable sentence." Id. (citation omitted). At the first step, district courts must "begin all sentencing proceedings by correctly calculating the applicable Guidelines range." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation marks omitted). "An error in the district court's calculation of the Sentencing Guidelines range warrants vacating the sentence, unless the error is harmless. A Sentencing Guidelines miscalculation is harmless if the district court would have imposed the same sentence without the error." United States v. Barner, 572 F.3d 1239, 1247–48 (11th Cir. 2009) (citation omitted). "[T]he Supreme Court and this Court have long recognized that it is not necessary to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence." United States v. Keene, 470 F.3d 1347, 1349 (11th Cir. 2006) (quotation marks omitted). Thus, if "a district judge clearly states that he would impose the same sentence, even if he erred in calculating the guidelines, then any error in the calculation is harmless." Barner, 572 F.3d at 1248.

Although the district court did not explicitly state that the sentence in this case was independent of the guideline calculation, there is no question that this sentence was not imposed pursuant to the guidelines, because the 108-month sentence reflects a substantial downward variance from the guideline range of

3

210- to 262-months.  Given this substantial variance, and the district court's explanation that "a sentence below the low end of the advisory guideline range is sufficiently punitive to deter the defendant from further criminal conduct and to deter others from committing this type of crime," we have no trouble concluding from the record before us that the § 3553(a) factors would lead the district court to impose the same 108-month sentence even without the application of the five-level § 2G2.2(b)(3)(B) enhancement.  See 18 U.S.C. § 3553(a) (requiring the sentence imposed to be "sufficient, but not greater than necessary," to achieve the purposes of retribution, deterrence, public safety, and rehabilitation).[1]

Nevertheless, the asserted error would not be harmless if the sentence would otherwise be procedurally unreasonable under the guideline range advanced by Lane.  Keene, 470 F.3d at 1349.  If the five-level enhancement under

---

[1]  Crucially, the district court did not indicate that the sentence imposed, despite representing a downward variance, was contingent in any way on the guideline calculation.  See Keene, 470 F.3d at 1349 ("[I]f the resolution of the guidelines issue does matter to the judge's ultimate sentencing decision, noting that it does will help focus our attention on the issues that matter." (quotation marks omitted)).  If the district court had so indicated in this case, we could not say the asserted error would be harmless.  See Barner, 572 F.3d at 1248 (finding that a claimed error could not be harmless where the district judge "indicated that the sentence was 'pursuant to the guidelines'").  Of course, "[w]hether to decide and state on the record if the decision of a guidelines issue matters to the ultimate sentence imposed is up to the district court in each individual case."  Keene, 470 F.3d at 1349.  But where, as here, the district court imposes a substantial downward variance in light of the § 3553(a) factors, and does not in any way indicate the sentence imposed is the result of the guideline calculation, we think it is sufficiently clear that the district court would impose the same sentence regardless of the guideline calculation.

§ 2G2.2(b)(3)(B) were removed, Lane would have an offense level of 32, which would combine with his criminal history category of I to yield a guideline range of 121- to 151-months incarceration. Thus, the 108-month sentence would still represent a downward variance even under the guideline range advanced by Lane. The district court also followed the two-step sentencing procedure required after Booker. See Talley, 431 F.3d at 786. The district court carefully considered the guidelines, as well as Lane's objections to the guideline calculation, before determining that a sentence below the guideline range was warranted in this case. The district court also considered the statutory factors set out in 18 U.S.C. § 3553(a) and, as described above, discussed those factors to the extent necessary to explain the sentence imposed. We conclude that, even under the guideline range advanced by Lane, the 108-month sentence would be procedurally reasonable. We therefore hold that the asserted error in the guideline calculation would be harmless.[2]

For these reasons, Lane's 108-month total sentence is AFFIRMED.

**AFFIRMED.**

---

[2] We therefore do not reach the merits of Lane's challenge to the application of the § 2G2.2(b)(3)(B) enhancement.