[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12619
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:10-cr-00003-BAE-GRS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

FRANCIS LARNELL BROWN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(August 10, 2011)

Before EDMONDSON, BARKETT and MARCUS, Circuit Judges.


PER CURIAM:


Francis Brown appeals the substantive reasonableness of her 36-month

sentence for bank fraud, 18 U.S.C. § 1344.  No reversible error has been shown;

we affirm.

We review a sentence, "whether within or without the guidelines . . . only for reasonableness under an abuse of discretion standard." United States v. Irey, 612 F.3d 1160, 1186 (11th Cir. 2010) (en banc). The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the 18 U.S.C. § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, provision for the medical and educational needs of the defendant, policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7).

We conclude that Brown's sentence is reasonable. Although the 36-month sentence varied upward from the top of the advisory guidelines range by 20 months, the sentence was only one-tenth of the 30-year statutory maximum she faced. See 18 U.S.C. § 1344; see also United States v. Valnor, 451 F.3d 744, 751-52 (11th Cir. 2006) (affirming an upward variance and observing that the ultimate

2

sentence was appreciably below the statutory maximum).[1] In addition, the district court stated that it had considered the section 3553(a) factors and concluded that the guidelines range did not reflect accurately the seriousness of the instant offense -- especially the devastation Brown's conduct caused her victims -- or Brown's criminal history and the need to deter her from committing more theft crimes in the future.

The district court's reasons are supported by the record and the section 3553(a) factors. Brown defrauded an elderly couple[2] of almost $20,000 after Brown moved in with the couple to act as their caretaker. Among other things, Brown used religion as a way to gain the victims' trust, used the victims' credit cards over 50 times to purchase goods, and forged one of the victim's signatures on a check made out to Brown.

And Brown had a long history of theft and deceit: she had prior convictions for petit larceny, possession of stolen mail, and writing worthless checks that spanned over a 30-year period in addition to other theft arrests where the charges

---

[1]Also, the government indicted Brown for 12 offenses, including many counts of aggravated identity theft. After Brown pleaded guilty to the single bank fraud charge, the government dismissed the other counts. Had Brown been found guilty of any of the aggravated identity theft counts, she would have faced two-year mandatory sentences on each count consecutive to the sentences for her bank fraud convictions. See 18 U.S.C. 1028A(a)(1), (b)(2).

[2]The victims were 81 and 91 years old when Brown committed the instant offense.

had been dismissed.[3] But despite Brown's extensive criminal history of theft and deceit crimes, she had received lenient sentences and, for guidelines calculation purposes, received a criminal history category of only II.

On appeal, Brown argues that the vulnerability of the victims and amount of loss already was considered in the guidelines calculation. But a district court can rely on factors in imposing a variance that it already considered in calculating the guidelines. United States v. Rodriguez, 628 F.3d 1258, 1264 (11th Cir. 2010). And while Brown argues that the court's upward variance is unreasonable because the court concluded than an upward departure was unwarranted, there is no requirement that a district court must impose a departure before imposing a variance. Id.

Given the seriousness of Brown's offense and her recidivist history, the district court abused no discretion in determining that an above-guidelines sentence was needed to punish and to deter Brown. And given the circumstances of Brown's case and the district court's reasoned discussion of those circumstances, we also conclude that the district court adequately justified the variance. See Irey, 612 F.3d at 1186 (explaining that the district court "must give

---

[3]Brown committed the instant offense while she was on probation for an earlier theft offense.

'serious consideration' to the extent of any departure from the guidelines, and must offer 'sufficient justifications' for its conclusion that an unusually harsh or light sentence is appropriate").

AFFIRMED.