[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12859
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20039-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ECLESIASTE PIERRE,
a.k.a. Eclesiaste Bradley Pierre,
a.k.a. Eclesiaste B. Pierre,
a.k.a. Pierre Eclesiase E. Saintoleme,
a.k.a. Eclesiase E. Saintoleme Pierre,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 14, 2014)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Eclesiaste Pierre, a native and citizen of Haiti, appeals his conviction and sentence of 63-months' imprisonment for attempting to re-enter the United States without permission after having been removed, in violation of 8 U.S.C. § 1326(a). On appeal, Pierre challenges the district court's determination that his defense of duress failed as a matter of law and argues that the court imposed an unreasonable sentence.  Upon review,[1] we affirm.

## I.    DURESS

Assuming a justification defense is available for a violation of § 1326(a), it requires a defendant to show, *inter alia*, "that the defendant was under unlawful and present, imminent, and impending threat of death or serious bodily injury."

---

[1] We review *de novo* a district court's determination that a defense fails as a matter of law.  *See United States v. Thompson*, 25 F.3d 1558 (11th Cir. 1994) ("Conclusions of law are reviewed *de novo*.").

We review the reasonableness of a sentence under a deferential abuse of discretion standard, *Gall v. United States*, 552 U.S. 38, 41 (2007), and reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case," *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).

2

*United States v. Deleveaux*, 205 F.3d 1292, 1297 (11th Cir. 2000). We have previously stated that "[t]he requirement of immediacy of the threat is a rigorous one" and that "circumstances justify a duress defense only when the coercive party threatens *immediate* harm which the coerced party cannot reasonably escape." *United States v. Sixty Acres in Etowah Cnty.*, 930 F.2d 857, 860-61 (11th Cir. 1991) (quotation marks omitted). Pierre failed to establish the immediacy element because, by the time he illegally re-entered the United States, he had successfully eluded the threat of serious bodily injury for at least five months. Moreover, Pierre spent at least an hour at the airport in Haiti, and during this time he was neither threatened by the gang members he suggests put him under duress, nor were any gang members present. *See id.* at 861 ("In order that the danger may be viewed as imminent and impending, it is ordinarily necessary to show that the coercing party was present." (quotation marks omitted)). Accordingly, the district court did not err in rejecting Pierre's duress defense as a matter of law.

## II.    REASONABLENESS OF THE SENTENCE

Pierre challenges the reasonableness of his sentence on both substantive and procedural grounds. Pierre argues his sentence was procedurally unreasonable because the district court did not adequately consider the nature and circumstances

3

of his offense or his history and characteristics.[2]  *See* 18 U.S.C. § 553(a)(1).  This argument fails in light of the district court's statements that it considered all of the parties' arguments and the pre-sentence investigation report, which together included all of the factors Pierre now argues the district court failed to consider.  *See United States v. Bonilla*, 463 F.3d 1176, 1182 (11th Cir. 2006) ("[*N*]*othing* in this Circuit's precedent . . . requires the district court . . . to articulate its consideration of each individual § 3553(a) factor, particularly where, as here, it is *obvious* the court considered many of the § 3553(a) factors . . . .").  Pierre next argues his sentence was substantively unreasonable because it was too harsh in light of his cultural assimilation and the extent to which he acted under threats of bodily harm (even if, as the district court had concluded, these threats did not constitute a complete defense).  We reject Pierre's argument, noting first that his sentence of 63 months was at the low end of his guideline range, *see United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) ("[O]rdinarily we would expect a sentence within the Guidelines range to be reasonable."), and well below the maximum authorized sentence of 20 years, *see United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005).  Taking these facts together with Pierre's long history of arrests and convictions, many of which arrests and convictions were

---

[2] Pierre also argues for the first time in his reply brief that the district court should not have imposed a 16-point enhancement under U.S.S.G. § 2L1.2(b)(1)(A).  Because Pierre raised this argument for the first time in his reply brief, the argument is waived, and we do not consider it.  *See United States v. Magluta*, 418 F.3d 1166, 1185-86 (11th Cir. 2005) (concluding a counseled defendant abandoned an issue raised for the first time in his reply brief).

commented on by the district court but not assigned criminal history points in calculating Pierre's guideline range, Pierre has not shown that the sentence the district court imposed was "outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).  Accordingly, the district court did not abuse its discretion in sentencing Pierre to a 63-month term of imprisonment.

**AFFIRMED.**